NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 4, 2011\*
Decided March 10, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| **No**.   09-2856 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | |
| **v.** | |
| PORTER B. TAPPS,<br>*Defendant-Appellant*. | No. 1:93-cr-00148-LJM-10<br>Larry J. McKinney, *Judge*. |

**Order**

Porter Tapps applied for a lower sentence when the Sentencing Commission reduced the Guideline range for crack cocaine and made that change retroactive. See 18 U.S.C. §3582(c)(2). The district court cut his sentence from 450 to 365 months but did not explain why it chose the high end of the new range (292 to 365 months). Our order of March 29, 2010, directed the district judge to explain.

---

\*  This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The court explained that: "A further reduction in Tapps' sentence, even though within the new sentencing range, is not appropriate because of the nature and seriousness of the danger to the community that would be posed by a further reduction in sentence. See Application Note 1(B) of U.S.S.G. § 1B1.10." Tapps now asks us to vacate and remand for a full resentencing. His lawyer observes that the district court did not discuss his argument that, during his 13 years in prison he has had a good record and has obtained a high school degree by distance learning (a GED). If counsel's request had been filed just a little later, he might have cited the Supreme Court's decision that, when resentencing a felon after an appellate remand, a district judge is entitled to consider rehabilitation during incarceration. *Pepper v. United States*, No. 09–6822 (U.S. Mar. 2, 2011).

*Pepper* applies to resentencing, and Tapps asks us to treat a decision under §3582(c)(2) as a form of resentencing, at which the district judge must discuss every substantial argument advanced by the defendant. But last year the Supreme Court stated emphatically that a sentence-reduction proceeding under §3582(c)(2) is *not* a form of resentencing. *Dillon v. United States*, 130 S. Ct. 2683, 2690–92 (2010). It is instead a summary procedure designed to implement a change in the Sentencing Guidelines. The only change relevant to Tapps is a reduction in the range for crack-cocaine offenses. The district court implemented that change by slicing 85 months off his sentence and has now explained why it did not choose a different place in the new range. Neither the amended Guideline nor §3582(c)(2), as understood in *Dillon*, requires a district judge to give effect to other things that may have occurred after the original sentencing. This does not mean that a district judge is *forbidden* to consider rehabilitation when choosing a sentence within the reduced range. But neither is consideration of rehabilitation obligatory.

The reduced sentence falls within the amended range, and the district court's decision is not an abuse of discretion. It is affirmed.