# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2011

No. 10-31052
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRIC DEWAYNE HARGRAVE, also known as Black, also known as Ceddie, also known as Ced,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:00-CR-52-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cedric Dewayne Hargrave, federal prisoner # 03402-095, appeals the district court's order granting his 18 U.S.C. § 3582(c)(2) motion wherein he was resentenced to 405 months of imprisonment, a sentence at the top of his adjusted sentencing range. The Government has filed a motion for summary affirmance, or in the alternative, a motion for an extension of time.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31052

The district court's decision whether to reduce a sentence is reviewed for an abuse of discretion, and its interpretation of the Sentencing Guidelines is reviewed de novo. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005) (internal quotation marks and citation omitted).

Hargrave argues that the district court abused its discretion by not assigning reasons for its sentence selection. When a district court summarily grants a § 3582(c)(2) motion, the court is not required to give reasons for its decision. *Evans*, 587 F.3d at 673. Hargrave acknowledges that his argument is foreclosed under *Evans,* and he raises the issue solely to preserve it for further review.

In addition, Hargrave argues that the district court should have granted his request for an evidentiary hearing, which he made for the first time in his motion for reconsideration of the court's amended sentencing order. Although he asserts that there existed "factual disputes highly relevant to the issue of the amount of reduction in sentence," Hargrave does not designate in this court a single factual dispute or inaccuracy which would have been resolved during a hearing. He has thus failed to show error in the district court's failure to grant his request for a hearing.

To the extent that Hargrave challenges the extent of the district court's sentence reduction, the court was under no obligation to reduce Hargrave's sentence at all, and it was under no obligation to reduce the sentence further within the recalculated range. *See Evans*, 587 F.3d at 673. Accordingly, Hargrave has not shown that the district court abused its discretion in not granting him a further sentence reduction. *Id.*

No. 10-31052

The motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The alternative motion for an extension is DENIED as unnecessary.