10-2232-cr
United States v. Batista

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand twelve.

PRESENT:  ROBERT D. SACK,
            REENA RAGGI,
                  *Circuit Judges*,
            JOHN G. KOELTL,
                  *District Judge*.*

-------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee*,

        v.                                No. 10-2232-cr

MIGUEL BATISTA,
                *Defendant-Appellant*,

LAWRENCE RHODES, ROLANDO LEONARDO, TAMEEKA COLEMAN, LATOYA SUMMERS, FRANCIS TEJEDA, a.k.a. Francis Tejada, DARREN ROWE, KNEALAND ANTONIO STRAIN, a.k.a. Knealand Antonio Strain, CAMILLE RHODES, BASHEEM SMALLS, MAUREEN WILLIAMS, LAWRENCE WILLIAMS, JAMAL GRANT, a.k.a. Noodles, CURTIS

---

* Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

ROSS, a.k.a. Curtis Smith, a.k.a. Curtis Leon Harris,
DAVID SOWELL, a.k.a. D,

*Defendants*.[**]

------------------------------------------------------------------------

FOR APPELLANT: Marshall A. Mintz, Mintz & Oppenheim LLP, New York, New York.

FOR APPELLEE: Shane T. Stansbury, Andrew L. Fish, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on May 3, 2010, is AFFIRMED.

Defendant Miguel Batista, who was convicted based on his guilty plea to one count of conspiracy to distribute 50 grams or more of crack cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and sentenced to a below-Guidelines term of 200 months' imprisonment, appeals from a judgment reducing his sentence to 161 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and amendments to the Sentencing Guidelines applicable to crack cocaine offenses. See United States v. Rivera, 662 F.3d 166, 170–71 (2d Cir. 2011) (discussing retroactivity of crack cocaine guideline amendments). Specifically, Batista argues that the judgment should be vacated because the district court (1) did not explain its reasons for reducing his term of imprisonment to 161 months and (2) did not understand its

---

[**] The Clerk of Court is directed to amend the official caption to read as shown above.

2

authority to grant him a greater reduction. We review sentencing reductions under § 3582(c)(2) only for abuse of discretion. See United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009). We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Adequacy of Explanation

Batista argues that the district court's failure explicitly to state its reasons for reducing his sentence to 161 months' incarceration instead of the statutory minimum term of 120 months deprives this court of the ability to evaluate the district court's exercise of discretion. We are not persuaded.

Although a district court must consider the factors set forth at 18 U.S.C. § 3553(a) and relevant Guidelines policy statements when exercising its discretion to reduce a term of imprisonment under § 3582(c)(2), "we presume, in the absence of record evidence suggesting otherwise, that a [district] judge has faithfully discharged her duty to consider" relevant factors. United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006). Batista points to no evidence indicating that the district court failed to consider relevant factors in exercising its discretion. Indeed, such consideration is evident in the district court's reduction of Batista's term of imprisonment to a term 31.5% below the low end of the 235-to-293-month amended Guidelines range, a reduction comparable to the 31.5% downward variance the district court gave Batista in sentencing him below the 292-to-365-month Guidelines range applicable at sentencing. See U.S.S.G. § 1B1.10(b)(2)(B) (stating that, where defendant was sentenced

to a term below original Guidelines range, comparable reduction to point below low end of amended Guidelines range "may be appropriate"); cf. United States v. Fernandez, 443 F.3d at 29 (noting that sentencing "court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did" (internal quotation marks and citation omitted)).[1]

Insofar as Batista argues that 18 U.S.C. § 3553(c) requires an explicit statement of reasons for a § 3582(c)(2) reduction, the statutory text does not support this argument. Section 3553(c) requires a district court to "state in open court the reasons for its imposition of the particular sentence," only "at the time of sentencing." 18 U.S.C. § 3553(c). "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 130 S. Ct. 2683, 2690 (2010) (internal quotation marks and brackets omitted). Thus, the requirements of § 3553(c) do not apply to proceedings under § 3582(c)(2).

---

[1] Because the district court's consideration of relevant factors is evident from the record, this case does not raise concerns identified by our sister circuits in United States v. Burrell, 622 F.3d 961 (8th Cir. 2010) (concluding district court's reasons for reducing term of imprisonment to top of amended guideline range were ambiguous, where sentence originally imposed fell in middle of original guideline range and district court did not explain its decision), and United States v. Marion, 590 F.3d 475, 477 (7th Cir. 2009) (observing that "reasoning behind requiring a brief statement of reasons at sentencing compels a similar requirement when deciding a motion to reduce," in order "for this court to be able to meaningfully review [the latter] decision").

Accordingly, we identify no abuse of discretion in the district court's § 3582(c)(2) ruling because the rationale for its exercise of discretion is apparent from the record.[2]

2.     Extent of Reduction Discretion

Batista submits that the challenged order indicates that the district court thought it was bound by U.S.S.G. § 1B1.10(b)(2)(B) to reduce his sentence to a term of imprisonment "comparably less than the amended guideline range." Id. Batista argues that, to the contrary, § 1B1.10(b)(2)(B) by its terms confers discretion to consider other, lower, reductions that "may be appropriate." Id. We deem this argument forfeited because Batista failed to raise it in the district court. Although Batista asked the district court for a reduction to the mandatory minimum term of 120 months' imprisonment, he argued that the reduction was authorized because the district court was not bound by § 1B1.10(b)(2)(B) at all, an argument subsequently rejected by Dillon v. United States, 130 S. Ct. at 2691–92; accord United States v. Savoy, 567 F.3d 71, 73–74 (2d Cir. 2009). Indeed, in his submissions to the district court, Batista himself interpreted § 1B1.10(b)(2)(B) to permit a reduction only to a point comparably less than the amended guideline, and did not oppose the government's arguments

---

[2] Because we identify no abuse of discretion in the district court's order, we need not decide whether Batista forfeited this argument, thus rendering it reviewable only for plain error, by failing to move for reconsideration after the district court ruled on Batista's sentence reduction motion without holding a hearing or providing express reasons for its decision. See Fed R. Crim. P. 51(b); United States v. Burrell, 622 F.3d at 965–66 (holding, in same circumstances, that defendant lacked opportunity contemporaneously to object to district court's ruling, and that defendant was not required to move for reconsideration to preserve error for appellate review).

to the same effect.  Accordingly, we review this argument only for plain error and identify

none.  See United States v. Villafuerte, 502 F.3d 204, 211 (2d Cir. 2007).[3]

3.      Conclusion

We have considered Batista's remaining arguments on appeal and conclude that they

are without merit.  Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Thus, we need not address Batista's other arguments that the district court would have been compelled to reduce his sentence well below the 161-month term it imposed pursuant to § 3582(c)(2) based on intervening developments in sentencing law and Justice Department criticisms of the crack and powder cocaine sentencing disparity.  Insofar as Batista argues that these developments demonstrate error in the extent to which the district court varied his original sentence below the Guidelines range applicable at sentencing, the argument is without merit because "a defendant may not seek to attribute error to the original, otherwise-final sentence in a motion under" § 3582(c)(2).  United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010).