**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1676
_____

UNITED STATES OF AMERICA

v.

EDWIN MICHAEL BROWN,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-05-cr-00449-001)
District Judge: Honorable Chief Judge Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 14, 2012

Before: SMITH and CHAGARES, <u>Circuit Judges</u>,
and ROSENTHAL, <u>District Judge</u>[*]

(Filed: September 19, 2012)

_____

OPINION

_____

_____

[*] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

PER CURIAM

This is the third appeal by Edwin Michael Brown from his conviction and sentence. A jury convicted Brown for possessing a firearm in furtherance of a drug-trafficking offense (Count 1); distributing and possessing crack cocaine and heroin with the intent to distribute (Count 2); and possessing a firearm after a felony conviction (Count 3). The District Court sentenced Brown to an aggregate prison term of 324 months, consisting of 240 months for the drug-trafficking conviction, to be served concurrent with 120 months on the felon-in-possession conviction and consecutive to 84 months for the 18 U.S.C. § 924(c) firearm conviction. This court affirmed the conviction and sentence on direct appeal and affirmed the District Court's denial of Brown's motion under 28 U.S.C. § 2255. He now appeals from the District Court's order granting his motion for a sentence reduction on Count 2 under 18 U.S.C. § 3582(c) and Amendment 750 to the Sentencing Guidelines.[1]

Brown's § 3582(c)(2) motion asked the District Court to reduce the sentence for Count 2, the drug count, from 240 to 192 months. The District Court reduced it to 189 months, which lowered Brown's aggregate sentence from 324 to 273 months. Both the

---

[1] Amendment 750 amended the Sentencing Guidelines in accordance with the Fair Sentencing Act ("FSA"), which modified the statutory penalties for crack offenses by reducing the crack-to-powder cocaine sentencing ratio from 100:1 to approximately 18:1. *See United States v. Dixon,* 648 F.3d 195, 196–97 (3d Cir. 2011). Amendment 750, which amended the Guidelines in accordance with the FSA, became both effective and retroactive on November 1, 2011. *See* U.S.S.G. app. C., amends. 750, 759 (Supp. Nov. 1, 2011).

original and the reduced sentences were in the middle of the applicable Guidelines ranges.

Brown appeals the District Court's order granting his motion for a reduced sentence on the basis that it failed to address specific § 3553(a) factors, particularly Brown's post-sentencing conduct. Brown did not specifically ask the court to consider this mitigating factor when he filed his § 3582(c) motion. The addendum to the presentence report pointed out that he had one disciplinary incident in prison, had taken courses, and had paid part of his criminal financial penalty. Brown asserts that because the District Court did not adequately explain its reasons for the extent of the sentence reduction, this court cannot evaluate the District Court's exercise of discretion. Brown asks this court to order a limited remand for the District Court to explain its reasons. We are not persuaded.[2]

The District Court's order granting Brown's motion was on a form generated by the Administrative Office of the United States Courts for efficient disposition of sentence-reduction motions under § 3582(c)(2).[3] The order stated that Brown's motion was granted after "having considered such motion and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." Although a District Court must

---

[2] We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. When a district court grants a motion for resentencing under § 3582(c)(2), the resulting sentence is reviewed under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007).

consider the § 3553(a) factors and the relevant Guidelines policy statements when exercising its discretion under § 3582(c)(2) to reduce a sentence, "we presume, in the absence of record evidence suggesting otherwise, that a [district] judge has faithfully discharged her duty to consider" relevant factors. *See United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir. 2006). Brown points to no evidence that the District Court failed to consider relevant factors. Indeed, such consideration is evident in the record. The District Court's oral sentence at the November 20, 2006 hearing, after allocution and argument, explained the analysis of the relevant § 3553(a) factors. The court stated that in deciding to impose a sentence at the middle of the Guidelines range, it took into account the seriousness of the offense — a "long-term drug trafficking operation" that took place "24 hours a day" and involved weapons, making it "as serious as a drug case can get"; Brown's youth and long drug involvement; and the powder/crack cocaine disparity.

Brown's argument that, in the § 3582(c)(2) sentence-reduction proceeding, the District Court was required to give an explicit analysis of specific § 3553(a) factors, including post-sentencing rehabilitation, lacks support in the case law as well as in the record. The Supreme Court has stated that when resentencing a felon after an appellate remand, a district judge is entitled to consider rehabilitation during incarceration. *See generally Pepper v. United States,* —— U.S. ——, 131 S.Ct. 1229 (2011). But *Pepper*

---

[3]AO 247 (Rev. 11/1) Order Regarding Motion for Sentence Reduction Pursuant to 18

4

applies to resentencing, at which the district judge must discuss every substantial argument advanced by the defendant. A sentence-reduction proceeding under § 3582(c)(2) is not a form of resentencing. *Dillon v. United States,* 560 U.S. ——, 130 S.Ct. 2683, 2690–92 (2010). It is instead a summary procedure designed to implement a change in the Sentencing Guidelines. In this case, the District Court implemented that change and imposed a reduced sentence that was otherwise consistent with the original sentence, which it had explained in the original sentencing hearing. Neither the amended Guidelines, § 3582(c)(2), nor *Dillon,* require a district judge to give effect to events that may have occurred after the original sentencing, such as consideration of post-sentencing rehabilitation or good conduct.

Other circuits faced with similar arguments and records have held that it is not error for the District Court to use a summary order in ruling on a § 3582(c) sentence-reduction motion. *See, e.g., United States v. Batista*, 2012 WL 1738965 (2d Cir. May 17, 2012); *United States v. Tapps*, 2011 WL 835752, at *1 (7th Cir. March 10, 2011). The cases Brown cites, *United States v. Howard*, 644 F.3d 459 (6th Cir. 2011), and, *United States v. Marion*, 590 F.3d 475 (7th Cir. 2009), involved orders denying motions for reduced sentences under § 3582(c)(2), not orders granting motions, which raise different concerns. *See, e.g., United States v. Hargrave*, 428 Fed. Appx. 388, 389 (5th Cir. 2011)

---

U.S.C. § 3582(c)(2).

("When a district court summarily grants a § 3582(c) motion, the court is not required to give reasons for its decision.").

There are cases in which the District Court granted a § 3582(c)(2) motion but the appellate court found the order to be so ambiguous as to preclude meaningful review. *See, e.g.*, *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (concluding that the district court's failure to explain its reasons for reducing the prison term to the top of the amended Guidelines range required a limited remand, when the original sentence was in the middle of the range). This is not such a case. The record shows the District Court's consideration of the relevant factors and the rationale for its § 3582(c)(2) ruling. The reduced sentence is within the amended range and is consistent with the original sentence, revised to implement the retroactive Guidelines amendment.

We find no abuse of discretion and affirm the District Court's order resentencing Brown.