IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 05-30376
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HIKING DUPRE

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-28

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Hiking Dupre, proceeding pro se, appeals his 2004 convictions and sentences for possession with intent to distribute cocaine base within 1000 feet of a public playground, carrying and using a firearm in relation to a drug trafficking offense, and being a felon in possession of a firearm.

Dupre argues that the district court abused its discretion by allowing the introduction of unfairly prejudicial evidence, such as a black shirt and a ski mask, seized from a vehicle at the time of his arrest. This ski mask and shirt

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were briefly discussed at trial but were never introduced as actual exhibits or shown to the jury. The district court correctly found that the defense opened the door to a discussion of such evidence by arguing that the police had found the gun and drugs in a nearby vehicle rather than on Dupre's person. The defense opened the door further by questioning a police officer about apparent discrepancies between his testimony and a property receipt that listed the items seized. Finally, we note that this property receipt, which listed the ski mask and shirt, was introduced as an exhibit by the defense rather than the Government. Given these facts, the district court did not abuse its discretion in allowing brief mention of these items. See United States v. Maldonado, 472 F.3d 388, 398 (5th Cir. 2006); United States v. Wilson, 355 F.3d 358, 361 (5th Cir. 2003).

Dupre also argues that his sentence was improperly enhanced under 21 U.S.C. § 841; he asserts that the Government failed to comply with 21 U.S.C. § 851 by not serving either himself or defense counsel with notice that the Government would seek to enhance his sentence on the basis of his prior convictions. Although a § 841 enhancement on the basis of prior convictions was extensively discussed, the statutory sentencing ranges discussed at sentencing are the penalties applicable to his conviction under 21 U.S.C. § 860 (possession with intent to distribute cocaine base within 1000 feet of a public playground). See United States v. Chandler, 125 F.3d 892, 896 (5th Cir. 1997). Because Dupre's sentence was not enhanced under § 841 on the basis of his prior convictions, any non-compliance with § 851 is harmless. See FED. R. CRIM. P. 52(a).

AFFIRMED.