**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR LINDSEY,

    Defendant-Appellant.

No. 12-2155

(D.C. No. 2:01-CR-00588-MCA-3)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.[**]
_____

Defendant Victor Lindsey is currently serving a 181-month sentence for, among other offenses, possession with intent to distribute cocaine base. After the Sentencing Commission adopted amendments to the Sentencing Guidelines in 2007, Defendant moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). He moved for a further reduction after the Commission's 2011 amendments took effect. The district court denied the motions based on Defendant's history of violent conduct and his prison disciplinary record. Defendant now appeals, arguing the district court abused its

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

discretion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

In 2002, a jury convicted Defendant of seven drug and firearm offenses, including possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (2000 version), and using or carrying a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Because of a 5-year statutory minimum on the cocaine base offense, Defendant's guideline range on that count was 120–121 months. See U.S.S.G. § 5G1.1(c)(2). The district court imposed a sentence of 181 months, which represented the high end of the guideline range plus the mandatory consecutive 60-month sentence under 18 U.S.C. § 924(c). We affirmed his conviction on direct appeal. United States v. Lindsey, 389 F.3d 1334 (10th Cir. 2004).

The district court sentenced Defendant under the Anti-Drug Abuse Act of 1986, which used a 100-to-1 ratio between powder cocaine and cocaine base. In 2007, the Sentencing Commission sought to lessen this disparity through Amendment 706, which reduced the base offense level associated with each quantity of cocaine base. Amendment 706 became retroactive in March 2008 pursuant to Amendments 712 and 713. That same month, Defendant moved *pro se* for a sentence reduction under 18 U.S.C. § 3582(c)(2). Surprisingly, this motion was still pending in 2011, when the Commission adopted Amendment 750, which further reduced the base-to-powder disparity in implementing the Fair Sentencing Act of 2010. The Commission made Amendment 750 retroactive through Amendment 759. On November 2, 2011, the day after Amendments 750 and 759 took effect, Defendant filed a second *pro se* § 3582(c)(2)

motion. Although Defendant's motion only referred to Amendment 706, the Government agreed that Amendment 750 could apply to further reduce Defendant's sentence. Amendment 750, in combination with the Fair Sentencing Act's elimination of a mandatory minimum sentence, lowered Defendant's guideline range on the cocaine base count from 120–121 months to 63–78 months. After adding in the mandatory consecutive sentence under § 924(c), the adjusted range was 123–138 months.

The district court denied both § 3582(c)(2) motions after appointing Defendant counsel. In its order, the court made the following observations:

> Even before this criminal proceeding, Defendant had been convicted of property and weapons charges. In addition to his crack cocaine conviction in this proceeding, Defendant was also convicted of marijuana and firearms violations. While this case was pending, he was convicted of murder in a Michigan state court and sentenced to life imprisonment without parole. Furthermore, since his conviction Defendant has been subjected to prison disciplinary proceedings for numerous instances of violent conduct. A court properly considers these factors in evaluating a § 3582(c)(2) motion, and each of the above factors weighs against reducing Defendant's sentence, *see* § 3553(a).

Record, vol. I at 146 (citations omitted).

## II.

On appeal, both parties agree that, after Amendment 750, the district court could have reduced Defendant sentence to a term of imprisonment between 123 and 138 months.[1] Defendant concedes the decision to grant or deny the § 3582(c)(2) motion was

---

[1] By the time the district court ruled on the motion in September 2012, however, Defendant had already served 132 months. Under the policy statement applicable to § 3582(c)(2) proceedings, a court may not reduce a sentence below "the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). So the court could not, at that late date, have imposed a sentence lower than 132 months.

within the district court's discretion. But Defendant attacks the court's decision on two grounds. First, he argues the district court abused its discretion by failing to consider the impact his life sentence in Michigan state prison would have on his danger to society. Second, he argues he was entitled to an evidentiary hearing to establish that he presented no danger to society. We address each argument in turn.

A.

When an amendment to the Sentencing Guidelines reduces the guideline range under which a defendant previously was sentenced, § 3582(c)(2) allows the district court to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Although a guideline amendment may make a defendant "*eligible* for a sentence reduction under § 3582(c)(2)," an amendment "in no way creates a *right* to sentence reduction." United States v. Osborn, 679 F.3d 1193, 1195–96 (10th Cir. 2012). Thus, we review for abuse of discretion the district court's decision to deny a reduction of sentence under § 3582(c)(2). Id. at 1195. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Lewis, 594 F.3d 1270, 1277 (10th Cir. 2010) (quoting United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008)).

The Government argues plain error review applies to Defendant's first argument because Defendant did not raise it before the district court. See Fed. R. Crim. P. 52(b). But Defendant's argument is that the court failed to consider a relevant factor when it

- 4 -

denied his motion. This was not an argument Defendant could raise *prior* to the court's decision, because the alleged error had not yet occurred. Nor did Defendant have an opportunity to object to the court's ruling at the time it was made, as he would have in a usual sentencing proceeding, because the district court denied the motion without a hearing. See United States v. Romero, 491 F.3d 1173, 1177 (10th Cir. 2007) (applying plain error review when the defendant did not object at sentencing that the district court failed to properly explain its sentence under 18 U.S.C. § 3553(a) and (c)). Of course, Defendant could have filed a motion for reconsideration, but his failure to do so does not subject his argument to plain error. See United States v. Burrell, 622 F.3d 961, 966 (8th Cir. 2010). To preserve an error under Rule of Criminal Procedure 52(b), a party need only object "when the court ruling or order is made or sought" and need not object at some later time. So, "notwithstanding [Defendant's] decision not to file a motion for reconsideration of the court's ruling on his § 3582(c)(2) motion, plain error review is not appropriate here." Burrell, 622 F.3d at 966. Instead, we review for an abuse of discretion.

Defendant faces a steep uphill battle to convince us that the district court abused its discretion in denying a sentence reduction. The court's consideration of Defendant's criminal history, prison discipline, and subsequent murder conviction was entirely appropriate. Section 3582(c)(2) directs the court to consider the § 3553(a) factors if applicable. Those factors include "the history and characteristics of the defendant" and the need for the sentence "to promote respect for the law," provide "adequate deterrence," and "protect the public from further crimes of the defendant." 18 U.S.C.

§ 3553(a). Furthermore, the relevant Sentencing Commission policy statement instructs the court to consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B)(ii).

Defendant does not, and cannot, deny that all these factors were relevant. See Osborn, 679 F.3d at 1196 (noting that the use of firearms in committing offenses and the "presence of prison disciplinary reports on [the defendant's] record" were "proper bas[es] for denying a motion under § 3582(c)(2)"). Instead, he claims the district court erred by "fail[ing] to consider the impact of [Defendant]'s sentence of life without parole to be served in the State of Michigan on a reduction of his federal sentence." Appellant's Br. at 11–12. Because the state sentence ensured that Defendant "will never not be incarcerated," he argues, it was "categorically an abuse of discretion not to consider" the state sentence. Id. at 12. This argument is mistaken on a number of levels.

First, Defendant assumes the district court had a duty to make on-the-record findings explaining how Defendant's life sentence did *not* require a sentence reduction. But in a § 3582(c)(2) proceeding, the district court need not "make specific findings regarding each of the [§ 3553(a)] factors as long as it states the reasons for its actions." United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996). See also United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997) ("What is important is that there is evidence that the court has considered the relevant matters, and that some reason is stated for the court's decision."). The district court knew Defendant was subject to a state sentence of life without parole and specifically mentioned the Michigan sentence in its

- 6 -

order denying Defendant's motions. The court had no duty to discuss the Michigan sentence any further. The court needed only to explain its reasoning, which is exactly what it did here.

Second, Defendant assumes his life sentence in Michigan negates the factors that supported the court's ruling. It is true that Defendant would pose no more danger to the public in Michigan prison than he would in federal prison. But this does not undermine other relevant factors, such as the need for the sentence to reflect Defendant's background, provide adequate deterrence, and promote respect for the law. The district court considered Defendant's violent conduct, his use of firearms, and his abysmal record with the Bureau of Prisons. The Probation Office reported that Defendant had received no fewer than fourteen sanctions while in the Bureau of Prisons' custody. Supp. Record, vol. I at 4–5. In light of these facts, the district court could easily conclude that further federal custody was necessary to meet the federal sentencing goals, regardless of what sentence Defendant received in state court on an unrelated charge.

Finally, Defendant mistakenly assumes the district court had to treat state custody as equivalent to federal custody. But just because a defendant will be incarcerated in state prison does not mean a federal court must reduce the federal sentence accordingly. For example, if Defendant had already been serving his Michigan state sentence when the district court originally sentenced him, the court could have imposed his federal sentence consecutively to his state sentence. See 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(c); United States v. Ward, 686 F.3d 879, 884 (8th Cir. 2012) (upholding as substantively reasonable a federal sentence that was imposed consecutively to a state court sentence of

life without parole).  Similarly, the district court in this case could conclude that a 181-month sentence on Defendant's federal crime was still appropriate in light of the factors in § 3553(a).  In short, the district court acted well within its discretion in denying the § 3582(c)(2) motion.

B.

We must also reject Defendant's argument that the district court erred in not conducting an evidentiary hearing.  First, § 3582 does not require a hearing and Defendant never requested one.  So we only review for plain error.  See United States v. Gerber, 24 F.3d 93, 95 (10th Cir. 1994).  Second, the facts were uncontested.  The district court relied only on the facts adduced at trial and those contained in the Probation Office's sentencing memorandum.  Defendant did not challenge these facts before the district court and does not do so here.  Instead, he argues he was entitled to an evidentiary hearing on the issue of his danger to society.  But the district court based its conclusion that Defendant was a danger to society on uncontested facts.  So an evidentiary hearing would have been pointless, and the court did not plainly err in failing to conduct a hearing *sua sponte*.

Defendant also argues the district court should have appointed him counsel, even though he concedes there is no right to counsel in § 3582 proceedings.  See United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009) (holding no constitutional right to counsel exists in § 3582(c) proceedings).  He does not explain how the court committed reversible error when it failed to do something it was not required to do.  Furthermore, the district actually did appoint Defendant counsel.  After Defendant filed his first *pro se*

motion for sentence modification, the district court appointed him an assistant federal public defender. (Doc. 355.) After the public defender withdrew, the court appointed Defendant a Criminal Justice Act attorney. This attorney filed a supplemental brief in support of Defendant's first *pro se* motion. The court again appointed a public defender two days after Defendant filed his second *pro se* motion, but the public defender apparently never filed a brief. Because neither the Constitution nor a statute gave Defendant a right to counsel and because the court actually appointed counsel, the court did not err.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge