**UNITED STATES of America, Plaintiff-Appellee**

v.

**Hiking DUPRE, Defendant-Appellant**

**No. 16-30209**

United States Court of Appeals, Fifth Circuit.

Filed May 18, 2017

David Earl Haller, Assistant U.S. Attorney, Kevin G. Boitmann, Assistant U.S.

Attorney, Diane Hollenshead Copes, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Louisiana, New Orleans, LA, for Plaintiff-Appellee

Ada Phleger, Gary V. Schwabe, Jr., Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Eastern District of Louisiana, New Orleans, LA, for Defendant-Appellant

Hiking Dupre, Pro Se

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge: *

Hiking Dupre contends the district court abused its discretion by denying his unopposed motion for a sentence reduction. We disagree, and AFFIRM.

In 2005, the district court sentenced Dupre to 240 months' imprisonment for possession with intent to distribute cocaine base within 1,000 feet of a public playground, a violation of 21 U.S.C. §§ 841, 860. This Court affirmed both the underlying conviction and the sentence. *See United States v. Dupre*, 253 Fed.Appx. 389, 390 (5th Cir. 2007).

In the years since Dupre's sentencing, the United States Sentencing Commission has, on three occasions, announced retroactive amendments that lowered the sentencing guidelines range applicable to Dupre's offense. After each amendment, the district court considered whether to grant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Each time, the court decided not to grant a reduction. This appeal requires us to review the most recent of the three denials.

"This court reviews a district court's decision 'whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo*, and its findings of fact for clear error.'" *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (quoting *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009)). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005)).

Below, the district court cited Dupre's "continued post-conviction behavior" and 18 U.S.C. § 3553 as reasons for denying Dupre's motion. Dupre contends that the district court unduly emphasized his violations of prison rules and gave inadequate weight to his positive post-sentencing conduct.[1] This argument amounts to a criticism of the manner in which the district court balanced favorable and unfavorable evidence, and does not persuade us that the district court's ruling reflects a clearly erroneous assessment of the record. The district court's assessment of the record did not, therefore, constitute an abuse of discretion.

Dupre also argues the district court owed him an opportunity to be heard regarding the post-conviction prison disciplinary records. At least under the circumstances presented in this case, we disagree. Dupre's motion acknowledged that the district court had previously relied upon his prison disciplinary record as a basis for denying a reduction. Dupre's motion did not dispute the disciplinary record or request a hearing to explain his

---

1. The record indicates Dupre has participated in a number of educational and skill-building courses during his incarceration.

infractions. Dupre simply asked the court to consider his efforts towards rehabilitation. Similarly, the record reflects no request for a hearing made by the Office of the Federal Public Defender, which participated in the screening committee that initially reviewed Dupre's eligibility for a reduction and later enrolled as his counsel. Given the district court's past reliance on Dupre's prison disciplinary records and the lack of any request for a hearing regarding such records in connection with Dupre's motion, we hold that the district court did not abuse its discretion by ruling on the motion without inviting, *sua sponte*, Dupre to address his prison disciplinary records.

Accordingly, we AFFIRM the district court's ruling.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.