# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2022

Lyle W. Cayce
Clerk

No. 20-30191

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HIKING DUPRE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-28-1

Before WIENER, DENNIS, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

In 2004, a jury convicted Hiking Dupre of one count of possessing with intent to distribute more than five grams of cocaine base within 1,000 feet of a public playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860 ("Count One"); one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30191

U.S.C. § 924(c) ("Count Two"); and one count of possessing a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Three"). The presentence report ("PSR") calculated a guidelines range of 130 to 162 months imprisonment. The district court departed upwards and sentenced Dupre to 240 months on Count One, 60 months on Count Two to run consecutively, and 120 months on Count Three to run concurrently. This court affirmed on direct appeal. *See United States v. Dupre*, 253 F. App'x 389, 390 (5th Cir. 2007).

Dupre twice failed to have his sentence reduced for Count One under the First Step Act (the "Act"). He filed the instant *pro se* motion under Section 404 of the Act. Under the Act, Dupre's guidelines range for Count One is 41 to 51 months. The district court denied Dupre's requested reduction. It expressed "concern[]" about "the extensive nature of Dupre's criminal history" because that history "reflect[ed] a propensity for violence and drug activity." It then listed Dupre's three prior juvenile and three prior adult convictions, as well as twelve "bare" arrest records listed in the PSR. The court also detailed Dupre's worrisome post-conviction behavior, including possession of a dangerous weapon, assault, fighting, threatening bodily harm, and possession of intoxicants. Based on Dupre's "troubling" and "extensive" criminal activity, as well as his demonstrated "inability to follow rules and refrain from improper behavior," the court denied his motion.

Dupre appeals, arguing the district court erred by relying on his bare arrest records to deny his motion for a sentence reduction. We affirm.

I.

As an initial matter, the parties dispute the standard of review. A district court's decision whether to reduce a sentence pursuant to the First Step Act is generally reviewed for abuse of discretion. *United States v. Batiste*,

980 F.3d 466, 469 (5th Cir. 2020); *United States v. Jackson*, 945 F.3d 315, 319 & n.2 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). The government contends, however, that plain-error review applies because Dupre did not raise the propriety of relying on his bare arrest records in the district court.

We disagree. Dupre could not have taken issue with the district court's reasons for denying his motion before the court stated them. And "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." Fed. R. Crim. P. 51(b). So here. Because Dupre lacked the opportunity to object to the district court's reasoning, we review for abuse of discretion. *See, e.g.*, *United States v. Lindsey*, 527 F. App'x 700, 703 (10th Cir. 2013) ("The Government argues plain error review applies to Defendant's first argument because Defendant did not raise it before the district court . . . But Defendant's argument is that the court failed to consider a relevant factor when it denied his motion. This was not an argument Defendant could raise *prior* to the court's decision, because the alleged error had not yet occurred.").

## II.

"A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence." *Batiste*, 980 F.3d at 469 (cleaned up). Dupre argues the district court abused its discretion by impermissibly relying on bare arrest records to deny him a reduction. According to Dupre, without those arrest records, the court's assessment of his criminal history and propensity for violence was erroneous. We disagree.

Quite apart from Dupre's arrest record, the district court had ample reasons to conclude that Dupre has a propensity for violence and an extensive criminal history. As the court noted, it had originally—in Dupre's initial

sentencing[1]—relied on his "extensive criminal history stemming back to when he was adjudicated guilty as a juvenile in 1994 for taking a gun to school" as well as a criminal history that "reflects a propensity for violence and drug activity." It then listed three juvenile offenses: (1) carrying a firearm by a student and aggravated assault, (2) resisting an officer, and (3) carrying a concealed weapon; three adult offenses: (1) possessing a firearm with narcotics, resisting an officer, and flight from an officer, (2) theft of property, and (3) possessing crack cocaine; and twelve bare arrests. The court then pointed to Dupre's post-conviction behavior, listing inmate infractions including "possessing a dangerous weapon (3 times); . . . assault without serious injury; fighting; . . . [and] threatening bodily harm." It ultimately concluded that Dupre's "extensive criminal activity [was] troubling" and that "[b]efore and after his conviction, Dupre has consistently displayed an inability to follow rules and refrain from improper behavior."

The district court's reliance on Dupre's criminal history and post-incarceration behavior is not a "clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). We have upheld a district court's reliance on the same facts informing its original sentencing decision. *See Batiste*, 980 F.3d at 477–78 (affirming where "nothing has changed in the facts that informed its original sentencing decision, including Batiste's criminal history" and the violent character of his predicate offense). We have also found a district court did not abuse its discretion by denying a defendant's § 404 motion when its "true focus, in deciding to deny [his] motion, was his 'extensive criminal history'—which

---

[1] At that initial sentencing the court elaborated on Dupre's violent tendencies. It described his prior adult convictions for possession of a firearm with narcotics, resisting arrest, and committing a second narcotics offense while previous charges were pending. Given this history, it concluded "[t]he defendant obviously ha[d] not been responsive to supervision."

included numerous drug distribution offenses—and his 'lack of respect for the law.'" *United States v. Robinson*, 980 F.3d 454, 465 (5th Cir. 2020).

The same is true here. The district court's reliance on Dupre's criminal history and demonstrated "inability to follow rules and refrain from improper behavior" both "[b]efore and after his conviction" was not a clearly erroneous assessment of the evidence. The court's passing reference to Dupre's arrest records does not change that result. Accordingly, Dupre cannot meet his burden to show the district court abused its discretion. *See Batiste*, 980 F.3d at 469.

AFFIRMED.

No. 20-30191

James L. Dennis, *Circuit Judge*, dissenting:

I agree with Dupre that the district court abused its discretion by impermissibly relying on bare arrest records to deny him a reduction under the First Step Act of 2018. And because we cannot be certain as to whether the district court would have imposed the same sentence absent consideration of the bare arrest records, I would vacate and remand.

As an initial matter, I agree with the majority that the proper standard of review is abuse of discretion, because Dupre was denied the opportunity to object to the district court's reliance on his bare arrest records, as there was no in-person hearing on his motion, and the district court's decision was rendered solely in a written order. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc).

Due process requires that facts relied on at sentencing be proved by a preponderance of the evidence. *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). Courts may not rely on a bare arrest record in the context of an initial sentencing. *United States v. Foley*, 946 F.3d 681, 686 (5th Cir. 2020). This court has not yet explicitly decided whether a district court may consider a bare arrest record when deciding a motion for a sentence reduction under § 404 of the First Step Act of 2018 (FSA), but we ought not endorse such considerations in light of our precedent. Pub. L. 115391, 132 Stat. 5194 *et seq.* (2018). If sentencing facts must be proved by a preponderance of the evidence to meet the demands of due process, there is no reason that this same due process right should not apply when a district court engages in substantially similar fact-finding in assessing an offender's criminal history as part of its discretionary decision as to whether to reduce the offender's sentence. As we have stated, "an arrest, without more, is quite consistent with innocence." *United States v. Johnson*, 648 F.3d 273, 278–79 (5th Cir. 2011) (internal quotation marks omitted). This is true regardless of the

6

proceeding in which arrest records are consulted. Thus, if the district court did rely on the bare records of Dupre's twelve arrests, it abused its discretion in denying Dupre a sentence reduction.

This court has held that where we cannot be "[]certain as to whether the district court would have imposed the same sentence absent" consideration of the bare arrest records, we must vacate the sentence imposed. *Windless*, 719 F.3d at 421 (alteration in original) (quoting *Johnson*, 648 F.3d at 278). And here—despite the majority's contention that "apart from Dupre's arrest record," the district court "had ample reasons to conclude that Dupre had a propensity for violence and an extensive criminal history"—only one of Dupre's adjudicated offenses, a juvenile offense for aggravated assault, involved violence. Majority at 4. In explaining its decision, the district court stated that it was "concerned by the extensive nature of Dupre's criminal history[,]" and that Dupre's "criminal history reflects a propensity for violence and drug activity." The court then listed Dupre's juvenile and adult offenses as well as all twelve of Dupre's unadjudicated arrests by their date and charge. But, again, only one of his adjudicated offenses—a juvenile offense for aggravated assault—involved violence. On the other hand, at least four of the twelve *arrests* contained in Dupre's bare arrest records were for violent conduct. Thus, the district court's finding that Dupre had a "propensity for violence" may have no basis absent a reliance on Dupre's bare arrest records. As we explained in *Windless*, Dupre's "criminal history appears quite different when his improperly considered arrests are ignored, [and thus] we cannot be '[]certain as to whether the district court would have [been] imposed the same sentence absent the [bare] arrests.'" 719 F.3d at 421. (second alteration in original) (quoting *Johnson*, 648 F.3d at 278). Further, the Government makes no argument that this error was harmless. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005) (noting that the burden is on the government "to

No. 20-30191

show harmless error beyond a reasonable doubt" before a federal constitutional error can be held harmless); *cf. Windless*, 719 F.3d at 421 (concluding that the district court's error in relying on bare arrest records was "not harmless"). Accordingly, I would conclude that the district court abused its discretion by relying on bare arrest records in denying Dupre a sentencing reduction.

I respectfully dissent.