GRUENDER, Circuit Judge.
Larry Burrell pled guilty to conspiracy to possess with the intent to distribute cocaine base and powder cocaine, and the district court sentenced him to 168 months’ imprisonment. Three years later, Burrell requested a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The court granted Burrell’s motion and reduced his sentence to 151 months’ imprisonment. On appeal, Burrell argues that the court erred by failing to reduce his sentence further within the amended guidelines range and by failing to explain its decision. For the following reasons, we vacate and remand.
I. BACKGROUND
In August 2006, Burrell pled guilty to conspiracy to possess with the intent to distribute cocaine base and powder cocaine, in violation of 21 U.S.C. §§ 841 and 846. The district court found that Burrell’s total offense level was 33 and that his criminal history category was II, which resulted in an advisory guidelines range of 151 to 188 months’ imprisonment. The court sentenced Burrell to 168 months’ imprisonment, a sentence near the middle of his advisory guidelines range.
The United States Sentencing Commission subsequently revised the drug quantity table in U.S.S.G. § 2D1.1 and retroactively reduced by two levels the base offense level applicable to the quantity of cocaine base for which Burrell was accountable. See United States v. Starks, 551 F.3d 839, 840 (8th Cir.), cert. denied, 556 U.S. -, 129 S.Ct. 2746, 174 L.Ed.2d 257 (2009). While a federal court generally “may not modify a term of imprisonment once it has been imposed,” § 3582(c)(2) provides an exception to that rule “in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” Dillon v. United States, 560 U.S. -, 130 S.Ct. *963 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting § 3582(c)).
In February 2009, Burrell filed a motion to reduce his sentence under § 3582(c)(2). The motion described Burrell’s initial sentence and then simply stated:
Pursuant to the new sentencing guidelines, Mr. Burrell’s total offense level is 31. With a criminal history category of II, and a total offense level of 31, the amended applicable guideline range is 121-151 months. A bottom-of-the guidelines sentence would result in a sentence of 121 months. Therefore Mr. Burrell seeks an ORDER from this Court sentencing him to 121 months.
The Government filed a response to Burrell’s motion in which it agreed with Burrell’s calculation of the amended guidelines range and stated that it did not oppose a reduction that was within that range. The Government, however, sought a sentence at the top of the amended range and briefly provided its reasons, stating:
A sentence of 151 months is an appropriate sentence given the defendant’s conduct. He relocated to Bemidji, Minnesota, to establish a large drug distribution network. He used his home as a stash house with his girlfriend, Tamika Brown, and their children. They even used Section 8 housing to pay for the new crack house. Burrell also employed a young man, Theto Hatley, in the distribution ring. A 151 month term is a guidelines sentence with the recent amendments and reasonable under the circumstances.
Burrell did not reply to the Government’s response.
Without holding a hearing, the court issued a one-page order, which stated in full:
Larry Eugene Burrell has moved, pursuant to 18 U.S.C. § 3582(c), for a sentencing reduction under the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases. The government has responded.
IT IS HEREBY ORDERED that Mr. Burrell’s motion for a reduction of his sentence is granted. His sentence is amended to 151 months.
Burrell appeals.
II. DISCUSSION
Burrell argues that the district court abused its discretion by refusing to reduce his sentence to a lesser term within the amended guidelines range. In the alternative, he argues that the court erred by failing to explain its decision. Because Burrell’s second argument is dispositive, we address it first.
Under § 3582(c)(2), a district court must “begin by ‘determin[ing] the amended guideline range that would have been applicable to the defendant’ had the relevant amendment been in effect at the time of the initial sentencing.” Dillon, 130 S.Ct. at 2691 (alteration in original) (quoting U.S.S.G. § 1B1.10(b)(1)). The court must then “consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction ... is warranted in whole or in part under the particular circumstances of the case.” Id. at 2692; see also U.S.S.G. § 1B1.10(b) cmt. n. 1(B)(i) (“Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant’s term of imprisonment is warranted; and (II) the extent of such reduction....”). In contrast to an initial sentencing proceeding, however, a court proceeding under § 3582(c)(2) generally may not pronounce a sentence below the minimum of the amended guidelines range. Dillon, 130 S.Ct. at 2691. An exception to this general rule occurs if the originally *964 imposed term of imprisonment was below the minimum of the originally calculated guidelines range, in which case § 1B1.10 authorizes a sentence “comparably” below the amended range. Id. at 2691-92. In determining whether and to what extent a reduction in sentence is warranted, the court must also consider “the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant’s term of imprisonment,” U.S.S.G. § 1B1.10(b) cmt. n. 1(B)(ii), and it may consider “post-sentencing conduct of the defendant,” id. at cmt. n. 1(B)(iii).
We review a district court’s decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction for an abuse of discretion. United States v. Whiting, 522 F.3d 845, 852-53 (8th Cir.2008). We have held that a district court need not give “lengthy explanations” of the § 3553(a) factors or categorically rehearse the relevant factors in a § 3582 proceeding, United States v. Clark, 563 F.3d 722, 725 (8th Cir.2009), but this does not permit a district court to give no explanation for its decision. See Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir.1984) (“[W]hen we say that a decision is discretionary, or that a district court has discretion to grant or deny a motion, we do not mean that the district court may do whatever pleases it.”). “[I]t is impossible for us to ensure that the district court did not abuse its discretion if the [§ 3582] order shows only that the district court exercised its discretion rather than showing how it exercised that discretion.” United States v. Marion, 590 F.3d 475, 477-78 (7th Cir.2009); cf. Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (stating that in an initial sentencing proceeding a district court “must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing”).
In this case, we vacate and remand because the record does not allow us to discern how the district court exercised its discretion.[2] The court did not identify any factors that it considered relevant in deciding to reduce Burrell’s sentence and determining the extent of that reduction. Nor is there any indication that the district court adopted the reasoning in the Government’s response to Burrell’s § 3582 motion. Some statement of the district court’s reasoning is necessary for this court to be able to meaningfully review the district court’s decision to impose a 151-month amended sentence. See Marion, 590 F.3d at 477; see also United States v. Archer, 362 Fed.Appx. 491, 496 (6th Cir.2010) (unpublished) (finding that the district court must “satisf[y] the appellate court that [the judge] has considered the parties’ arguments and has a reasoned basis for exercising his own legal decision-making authority” (quoting United States v. Moncrief 350 Fed.Appx. 994, 996 (6th Cir.2009) (unpublished) (alterations in original))). While we do not doubt that the court read and considered Burrell’s motion and the Government’s response, on the present record there is no explanation as to what the court relied on to make its decision.
The Government, relying on Clark, argues that “[a]ll of the [relevant] factors were considered by the District Court at the initial sentencing and did not have to be repeated during the amendment.” Even if the district court considered the relevant statutory factors during the § 3582 proceeding, there must be some explanation in the record of the district *965 court’s reasoning. Marion, 590 F.3d at 476-77. To the extent that the Government relies on Clark to support an argument that the court sufficiently explained its decision here, that reliance is misplaced. In Clark, the district court considered the relevant § 3553(a) factors during the initial sentencing and sentenced Clark to a term of imprisonment at the top of his guidelines range. 563 F.3d at 724-25. Clark later moved for a sentence reduction under § 3582, and the district court in a brief order reduced his sentence to a term at the top of his amended guidelines range. Id. at 724. We concluded that the district court “fully considered” the § 3553(a) factors and sufficiently explained its decision. Id. at 725. We based our conclusion on “the district court’s statements at Clark’s initial sentencing and its determination that sentences at the top of the respective Guidelines ranges were appropriate following both the initial sentencing and the § 3582 proceedings.” Id. at 724-25. Our cases applying Clark uniformly have involved proportionality between the initial sentence and the amended sentence. United States v. Paige, 381 Fed.Appx. 639, 640 (8th Cir.2010) (unpublished per curiam); United States v. Mull, 365 Fed.Appx. 723, 725 (8th Cir.2010) (unpublished per curiam), cert. denied, 561 U.S. -, 130 S.Ct. 3483, — L.Ed.2d-(June 21, 2010); United States v. Phillips, 361 Fed.Appx. 702, 703 (8th Cir.2010) (unpublished per curiam); United States v. Geralds, 338 Fed.Appx. 557, 558 (8th Cir.2009) (unpublished per curiam), cert. denied, 561 U.S. -, 130 S.Ct. 3465, — L.Ed.2d - (June 21, 2010); United States v. Wiley, 334 Fed.Appx. 782, 783 (8th Cir.2009) (unpublished per curiam).
That proportionality is missing here. Burrell’s amended sentence is at the top of his amended guidelines range, but his initial sentence was near the middle of his guidelines range. Because Burrell’s initial and amended sentences are not proportional, we cannot presume that the reasons given for imposing a sentence near the middle of the guidelines range at his initial sentencing apply with equal force to the amended sentence at the top of the amended guidelines range. Furthermore, we note that the district court’s order in Clark contained the following sentence explaining its decision: “The amended sentence imposed is at the high end of the guideline range, commensurate with the sentence at the high end of the guideline range imposed at the initial sentencing hearing.” United States v. Clark, No. 3:02-cr-34, Dkt. No. 358, Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (S.D. Iowa June 6, 2008). The district court here did not explain why it decided to impose an amended sentence at the top of the amended guidelines range when it originally imposed a sentence near the middle of the initial guidelines range. Therefore, the Government’s reliance on Clark is misplaced.
The dissent would apply only plain error review because Burrell failed to challenge the inadequate explanation of his sentence before the district court. Indeed, an argument that a district court failed to explain a sentence must be reviewed for plain error if it was not raised to the district court “at the time of sentencing.” United States v. Statman, 604 F.3d 529, 534 (8th Cir.2010). That precedent does not control here, however, because “[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding.” Dillon, 130 S.Ct. at 2690. In the absence of a sentencing proceeding or other hearing on his § 3582(c)(2) motion, Burrell had no opportunity “at the time of sentencing” to object to the absence of an explanation in the district court’s ruling, and thus could not have forfeited his assertion of error. See Fed.R.Crim.P. 51(b) (“If a par *966 ty does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.”).
Although the dissent acknowledges the absence of an opportunity to object, the dissent would require the filing of a motion for reconsideration with the district court in order to preserve the error for appellate review. Requiring a motion for reconsideration after the ruling has issued, however, would exceed the error-preservation requirements of Rule 51(b), which has been characterized as a “contemporaneous-objection rule.” Puckett v. United States, — U.S.-, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). Rule 51(b) states, in relevant part:
A party may preserve a claim of error by informing the court — when the court ruling or order is made or sought — of the ... party’s objection to the court’s action and the grounds for that objection. If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.
Fed.R.Crim.P. 51(b) (emphasis added).
In other words, if a party does not have an opportunity to object when the court ruling “is made or sought,” Rule 51(b) states that the absence of an objection does not later prejudice the party. The “opportunity to object” language would be meaningless if the mere ability to file a motion for reconsideration qualified as an opportunity to object, since a party theoretically could file a later motion for reconsideration of virtually any district court ruling. Therefore, notwithstanding Burrell’s decision not to file a motion for reconsideration of the court’s ruling on his § 3582(c)(2) motion, plain error review is not appropriate here.
III. CONCLUSION
For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion. On remand, the district court need not conduct a resentencing hearing or consider additional briefing from the parties. See Dillon, 130 S.Ct. at 2690 (“[Section] 3582(c)(2) does not authorize a sentencing or resentencing proceeding.”). We also do not suggest that district courts must engage in formulaic recitations of the relevant factors or provide lengthy reasoning for their decisions on § 3582(c)(2) motions. See Clark, 563 F.3d at 725. All that is required is enough explanation of the court’s reasoning to allow for meaningful appellate review.

. Because on this record we are unable to conduct meaningful review, we do not reach Burrell's argument that the district court should have reduced his sentence further within the amended guidelines range.