# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3511

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Larry Eugene Burrell, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 25, 2011
Filed: March 29, 2011

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Larry Burrell challenges the 151-month prison sentence the district court[1] imposed after granting his motion to reduce his sentence based on 18 U.S.C. § 3582(c) and Amendment 706 to the United States Sentencing Guidelines. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the length of the revised sentence. We grant counsel's motion to withdraw, and we affirm.

_____

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

In 2006, Burrell pled guilty to conspiring to possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841 and 846. The district court determined an advisory guidelines range of 168 months to 210 months' imprisonment, based on a total offense level of 33 and a criminal history category of III. The district court then sentenced Burrell to a within-guidelines term of 168 months.

In February 2009, Burrell moved for a reduction of his sentence under § 3582(c) and Amendment 706, and the district court reduced his sentence to 151 months without explanation. Burrell appealed, and this court remanded, requesting further explanation. *See United States v. Burrell*, 622 F.3d 961 (8th Cir. 2010). On remand, the district court re-imposed a 151-month sentence, explaining that the court had calculated an amended guidelines range of 135 to 168 months (based on a revised offense level of 31 and Burrell's category III criminal history) and that the court chose the 151-month prison sentence based on the scale of Burrell's drug operation, the fact that firearms were found, and the fact that Burrell used a home where children lived as part of his drug operation.

Burrell argues that the district court abused its discretion by not departing to a lower criminal history category. "[A] court proceeding under § 3582(c) generally may not pronounce a sentence below the minimum of the amended guidelines range," *id.* at 963, unless "the originally imposed term of imprisonment was below the minimum of the originally calculated guidelines range," *id.* at 963-64. Here, the district court originally sentenced Burrell to a term within the originally calculated guidelines range—168 months. Accordingly, we agree with the district court that it lacked the authority to depart downward from Burrell's amended guidelines range. We also conclude that the district court did not abuse its discretion by considering the circumstances of the underlying offense, *see* 18 U.S.C. § 3582(c)(2), or by declining to place significant weight on Burrell's post-conviction behavior, *see* § 1B1.10, cmt. n.1(B)(iii) ("The court *may* consider post-sentencing conduct.") (emphasis added).

Having reviewed the record under *Penson v. Ohio*, 448 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we grant counsel's motion, and we affirm the judgment.

_____