SMITH, Circuit Judge.
Christopher Grant was convicted of conspiracy to distribute and possess with intent to distribute crack cocaine. The district court sentenced him at the middle of the Sentencing Guidelines range. Subsequently, Grant moved for a sentence reduction pursuant to Amendment 706 of the crack-cocaine Guidelines. During an evi-dentiary hearing, the court stated that Grant should be sentenced at the bottom of the amended Guidelines range, and the court subsequently decreased his sentence to the bottom of the amended range. New amendments to the Guidelines qualified Grant for a further amendment of his sentence, which he requested. This time, however, the court sentenced him at the middle of the newly amended Guidelines range without explanation. Grant appeals his newly amended sentence, arguing that the district court abused its discretion. We vacate and remand for further proceedings.
I. Background,
Christopher Grant was convicted of one count of conspiracy to distribute and possess with intent to distribute at least 30 but less than 50 grams of crack cocaine. On May 19, 2005, the district court sentenced Grant to 170 months’ imprisonment followed by five years of supervised release. This sentence fell in the middle of the Guidelines range of 151 to 188 months for Grant’s offense.
In 2008, Grant moved for a sentence reduction pursuant to Amendment 706 of the crack-cocaine Guidelines and 18 U.S.C. § 3582(c)(2). Amendment 706 allows for a sentence reduction if the term of imprison *429 ment was based on a Guidelines sentencing range that has subsequently been lowered. The United States Sentencing Commission made the amendment retroactive pursuant to 28 U.S.C. § 994(o). The district court granted Grant’s counsel’s request for an evidentiary hearing to determine his eligibility. On June 15, 2009, the district court held the hearing, during which the judge stated:
I do appreciate the defendant’s comments regarding his use of his time while incarcerated. And sometimes people do forget that when they go to prison, they’re not simply losing years of their life, they do have an opportunity to work, to get an education, to participate in programming and to help other people while they’re incarcerated.
And it appears to me the defendant has taken that message to heart. And I accept his statements as sincere statements that he is making the best use of his time while incarcerated, and that’s important.
Frankly, I don’t recall the original sentencing in this case. I don’t recall why the mid range was chosen. Generally I do sentence at the low end of the guideline range. And I’ve pulled up the original presentence investigation report and I’ve looked through the report. And while the defendant’s criminal history was not good, it wasn’t violent. So I don’t think that the defendant is someone who needs to be incarcerated for longer than the low end of a guideline range.
Having said that, and having considered all of the statutory factors that I’m required to consider and that I’m not going to repeat here for the record, I will grant the motions for reduction of sentence that appear at [docket filings] 100 and 109. And I will reduce the defendant’s sentence to a term of 130 months’ incarceration.
(Emphasis added.) The court issued a one-page form order determining the new sentencing range and stating, “Except as provided above, all provisions of the judgment dated May 19, 2005, shall remain in effect.” The amended sentence was at the bottom of the amended Guidelines range of 130 to 162 months.
Subsequently, Congress passed the Fair Sentencing Act (FSA) of 2010, Pub.L. No. 111-220, 124 Stat. 2372 (2010), which amended the crack-cocaine Guidelines yet again. Grant sent a letter to the court asking for a reduction under the FSA, and the court docketed the letter as a pro se motion. Under the FSA, the newly amended Guidelines range for Grant’s offense became 110 to 137 months. Unlike with the first reduction of Grant’s sentence, the district court conducted no evi-dentiary hearing. On January 12, 2012, the court issued an order determining the newly amended sentencing range and stating that the provisions of the May 19, 2005 judgment remained in effect. However, this time the court reduced Grant’s sentence to 123 months, at the middle of the newly applicable Guidelines range. The order did not discuss any events transpiring subsequent to the 2009 evidentiary hearing that would justify a sentence at the middle (as opposed to the bottom) of the amended Guidelines range.
Grant appeals his sentence, arguing that the district court erred in placing his second amended sentence at the middle of the revised Guidelines range without explanation, rather than at the bottom.
II. Discussion
We review the extent of a sentence reduction under § 3582(c)(2) for an abuse of discretion. United States v. Burrell, 622 F.3d 961, 964 (8th Cir.2010). A *430 proceeding under § 3582(c)(2) is not a full resentencing, Dillon v. United, States, — U.S. -, 130 S.Ct. 2683, 2692, 177 L.Ed.2d 271 (2010), and the district court’s authority to modify a sentence under that section is limited. United States v. Starks, 551 F.3d 839, 842 (8th Cir.2009).
In Burrell, the defendant pleaded guilty to conspiracy to possess with the intent to distribute cocaine base and powder cocaine. 622 F.3d at 962. The Guidelines range was 151 to 188 months, and the district-court sentenced him to 168 months’ imprisonment, at the middle of the Guidelines range. Id. Three years later, Burrell requested a reduction in his sentence pursuant to § 3582(c)(2). Id. at 963. The advisory range under the amended Guidelines was 121 to 151 months. The' court granted Burrell’s motion, but it reduced his sentence to only 151 months, at the top of the Guidelines range. Id. Burrell appealed, arguing that the court erred by failing to reduce his sentence further within the amended Guidelines range and by failing to explain its decision. Id. We vacated the judgment of the district court and remanded for further proceedings. Id. at 966. We explained that “[i]t is impossible for us to ensure that the district court did not abuse its discretion if the [§ 3582] order shows only that the district court exercised its discretion rather than showing how it exercised that discretion.” Id. at 964 (quoting United States v. Manon, 590 F.3d 475, 477-78 (7th Cir.2009)) (second alteration in original). We instructed the district court that it must provide “enough explanation of the court’s reasoning to allow for meaningful appellate review.” Id. at 966.
Applying Burrell, we vacate the judgment of the district court and remand because the district court provided no justification for its newly amended sentence, which places Grant in the middle of the amended Guidelines range. Grant’s first amended sentence was at the bottom of the amended Guidelines range but his second amended sentence is at the middle of the newly applicable range. The new sentence might be appropriate but no reason for the discrepancy is obvious. On this record, we cannot merely presume that the district court’s reasons for setting the first amended sentence at the bottom of the amended Guidelines range apply with equal force to the second amended sentence at the middle of the newly applicable Guidelines range. See Marion, 590 F.3d at 477-78.
The government observes that we frequently affirm cases where § 3582 proceedings result in prison terms proportional to the initial sentence. See Burrell, 622 F.3d at 965. Yet the government has not justified that result here where the district court held an intervening § 3582 evidentia-ry hearing in which it expressly stated that the defendant is not “someone who needs to be incarcerated for longer than the low end of a guideline range.” At that hearing, the court explained its reasons for sentencing Grant at the bottom of the amended Guidelines range, taking into account his post-conviction rehabilitation. Given the court’s stated sentencing criteria for its first amended sentence, we decline to affirm a sentence at the middle of the second amended Guidelines range. We, therefore, remand for the district court to explain how its latest sentence “ ‘is warranted in whole or in part under the particular circumstances of the case.’ ” United States v. Winston, 611 F.3d 919, 922 (8th Cir.2010) (quoting Dillon, 130 S.Ct. at 2692).
III. Conclusion
The district court abused its discretion by failing to provide its rationale for sentencing Grant at the middle of the newly *431 applicable Guidelines range. We vacate and remand for further proceedings consistent with this opinion.