# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 15-1162

———————————————

United States of America

*Plaintiff - Appellee*

v.

Ontario Rush-Richardson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: April 20, 2015
Filed: May 21, 2015
[Unpublished]

——————————

Before RILEY, Chief Judge, MURPHY and COLLOTON, Circuit Judges.

——————————

PER CURIAM.

Ontario Rush-Richardson appeals from a sua sponte order of the district court,[1] issued pursuant to 18 U.S.C. § 3582(c)(2), denying Rush-Richardson a sentence

---

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

reduction based upon an amendment (effective November 1, 2014) to the United States Sentencing Guidelines (Guidelines) for certain drug offenses. See 18 U.S.C. § 3582(c)(2) (stating a district court may "on its own motion" reduce a defendant's term of imprisonment based on a subsequently lowered Guidelines range). The government filed a motion to dismiss the appeal, summarily affirm the district court and stay further briefing, to which Rush-Richardson responded. See 8th Cir. R. 47A. We suspended the briefing schedule during consideration of the government's motion.

Rush-Richardson previously filed a motion for reduction under § 3582(c)(2) based upon a Guidelines amendment effective November 1, 2010. The district court denied the motion, and this court affirmed. See United States v. Rush-Richardson, 550 F. App'x 339, 339 (8th Cir. 2014) (unpublished per curiam). In its sua sponte decision under review here, the district court relied upon the same rationale from its previous decision for denying a reduction, expressly stating, "the government had made significant concessions in the plea agreement . . . dropping a charge."

Rush-Richardson now argues the district court (1) erred by not affording Rush-Richardson notice or a hearing before the sua sponte decision; (2) did not adequately explain its decision; and (3) abused its discretion by not granting Rush-Richardson a reduction. After careful de novo review, see United States v. Johnson, 703 F.3d 464, 466-67 (8th Cir. 2013), we conclude the district court did not err by issuing the order without notice or a resentencing hearing, see id. at 471 (holding "§ 3582(c)(2) proceedings do not implicate a 'constitutionally protected liberty interest'" (quoting Wilkinson v. Austin, 545 U.S. 209, 221 (2005))); United States v. Burrell, 622 F.3d 961, 966 (8th Cir. 2010) (concluding "'[Section] 3582(c)(2) does not authorize a sentencing or resentencing proceeding'" (alteration in original) (quoting Dillon v. United States, 560 U.S. 817, 825 (2010))), and the district court adequately explained its reasoning, see Burrell, 622 F.3d at 966 ("All that is required is enough explanation of the court's reasoning to allow for meaningful appellate review."). The district

court did not abuse its discretion by denying the sentence reduction.  See Rush-Richardson, 550 F. App'x at 339; Johnson, 703 F.3d at 466-67 (standard of review).

Accordingly, we affirm.  See 8th Cir. R. 47B.  We deny as moot the government's motion.

_____