# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2085

_____

United States of America

*Plaintiff - Appellee*

v.

Eddie Louis Denton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: April 15, 2016
Filed: May 3, 2016

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Eddie Denton was serving a sentence of 324 months in prison after a jury convicted him of conspiracy to distribute controlled substances. The district court[1] reduced his sentence to 294 months after an amendment to the sentencing guidelines

_____

[1] The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa.

lowered the advisory guideline range applicable to his offense of conviction. Denton appeals, and we affirm.

In 2003 a jury convicted Denton of one count of conspiracy to distribute cocaine, cocaine base, and marijuana. See 21 U.S.C. §§ 841, 846, and 860. He was sentenced to life in prison. After Amendments 706 and 715 to the sentencing guidelines lowered the guideline range applicable to his offense, the district court reduced Denton's sentence to 324 months, the bottom of the amended guideline range. See 18 U.S.C. § 3582(c)(2). Later after Amendment 782 was enacted and further lowered the advisory guideline range applicable to Denton's offense, the district court again reduced his sentence to 294 months in the middle of the amended guideline range. Denton appeals, arguing that he should have received the maximum reduction available.

We review the district court's sentence reduction under § 3582(c)(2) under an abuse of discretion standard. United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010). A district court abuses its discretion when "it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). In deciding whether to reduce a sentence under § 3582(c)(2), a district court must consider the factors in 18 U.S.C. § 3553(a), as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction ... and it may consider post-sentencing conduct of the defendant." Burrell, 622 F.3d at 963–64 (internal quotation marks omitted).

Denton argues that the district court abused its discretion by declining to grant him the maximum reduction available as it had previously. He contends that this shows the court weighed the relevant factors differently than it had before. We reject this argument. The court's conclusion that a 294 month sentence was appropriate is

not inconsistent with its prior decision.  Denton also argues that while reducing his sentence, the district court failed to account for his advanced age and poor health. The record shows, however, that the district court expressly considered Denton's age, health, and all other relevant factors in its decision.  We therefore affirm the district court's order.

_____