# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2157

_____

United States of America

*Plaintiff - Appellee*

v.

John Anthony Echols, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 11, 2016
Filed: June 13, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

PER CURIAM.

John Anthony Echols, Jr., is serving a lengthy federal sentence for drug distribution. In May 2015, the district court[1] reduced Echols's sentence under 18

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

U.S.C. § 3582(c)(2). Echols appeals, arguing that the district court should have awarded a greater reduction. We affirm.

In 2008, Echols pleaded guilty to distribution of cocaine base near a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 851, and 860 (count 1); and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851 (count 4). Applying the U.S. Sentencing Guidelines (U.S.S.G. or Guidelines), the district court determined that Echols's total offense level was 36 and that his criminal history category was V. Based on those classifications alone, his advisory sentencing range was 292 to 365 months' imprisonment. Count 1, however, carried a statutory mandatory minimum sentence of life imprisonment, which the district court imposed, along with a concurrent 365-month term of imprisonment on count 4. In 2010, the district court granted the government's motion for reduction of sentence based on substantial assistance, see Fed. R. Crim. P. 35(b), and reduced Echols's sentence to concurrent 235-month terms of imprisonment.

Amendment 782 to the Guidelines took effect on November 1, 2014. It reduced by 2 levels the base offense level for drug offenses, and it made the reduction retroactive. The U.S. Probation Office determined that Echols was eligible for a sentence reduction, that his reduced total offense level was 34, and that his reduced advisory sentencing range was 235 to 293 months' imprisonment. The Probation Office further determined that, when adjusted to account for Echols's Rule 35(b) sentence reduction, a comparable sentence would be 188 months' imprisonment. The district court directed the government to file a memorandum setting forth its position regarding Echols's eligibility for a sentence reduction under Amendment 782. The government conceded that Echols was eligible, but argued that the district court should not award any reduction or, in the alternative, should not award a full reduction. According to the government's calculations, when the reduced sentencing range of 235 to 293 months' imprisonment was further adjusted to account for the Rule 35(b) sentence reduction, a comparable sentence would be 117 months'

imprisonment. A sentence that low, the government argued, would cause unwarranted sentence disparities among similar defendants.

The district court determined that Echols's reduced sentencing range under Amendment 782 was 235 to 293 months' imprisonment and that if it were to apply "a comparable reduction as the Rule 35(b) [reduction] that was previously granted, the comparable sentence would be 188 months." Echols requested "a departure down to the 188 months." After hearing arguments by the attorneys and allocution by Echols, the district court reduced Echols's sentence to 200 months' imprisonment.

> [T]he Court, after being fully advised and aware that I have the discretion not to reduce the sentence at all, to reduce it in part, or to reduce it in whole, and considering the concerns that I voiced earlier, including Mr. Echols's criminal history, which includes significant drug activity and recidivist drug dealing, his poor performance within the institution during the years 2010 and 2011, and the need to avoid unwarranted sentence disparities, finds that a reduction in sentence is appropriate. I reduce his sentence to 200 months, and that is a 35-month reduction in sentence.

Echols argues that his criminal history and recidivism were fully accounted for in his original sentence, that his 2010 and 2011 prison disciplinary violations were given undue weight, and that there would have been no unwarranted sentence disparity had the court granted Echols's requested reduction because the government's disparity argument was based on its inaccurate calculations. We find no abuse of discretion in the district court's decision to reduce Echols's sentence as it did. See United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010) (standard of review). The district court acted within its discretion when it considered Echols's drug-trafficking recidivism and his prison violations. See U.S.S.G. § 1B1.10 cmt. n.1(B) (stating that, in deciding whether and to what extent to reduce a defendant's sentence based on an amendment to the Guidelines, "the court shall consider the factors set forth in 18 U.S.C. § 3553(a)," "[t]he court shall consider the nature and

seriousness of the danger to any person or the community that may be posed by a reduction," and "[t]he court may consider post-sentencing conduct of the defendant"). Moreover, in light of the fact that the district court expressly adopted the Probation Office's calculations when deciding the extent of the sentence reduction, the district court's passing mention of the need to avoid unwarranted sentence disparities does not indicate that the court took the government's calculations into account in reaching its decision. To the extent that Echols now argues that the district court should have adopted the government's calculations and awarded him a greater sentence reduction based thereon, he made no such argument in the district court, and we find no plain error in the district court's decision to adopt the Probation Office's calculations. See United States v. Olano, 507 U.S. 725, 732 (1993) (standard of review).

The judgment is affirmed.

_____