# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2631

_____

United States of America

*Plaintiff - Appellee*

v.

Jack Lee Phillips

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 14, 2019
Filed: August 2, 2019
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jack Lee Phillips appeals the district court's[1] denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

In 2006, Phillips pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. His total offense level was 41 and his criminal history category was V, and the district court sentenced him at the bottom of his advisory sentencing guidelines range to 360 months' imprisonment.

In 2007, Amendment 706 to the sentencing guidelines lowered the offense levels for cocaine base. United States Sentencing Guidelines ("U.S.S.G") App. C, Amend. 706. Phillips filed a motion under § 3582(c)(2) for a reduced sentence, which the district court denied because his applicable guidelines range remained the same. *See* U.S.S.G. § 1B1.10(a)(2)(B) (explaining that § 3582(c)(2) does not authorize a reduction if an amendment does not lower the guidelines range). Two subsequent amendments to the sentencing guidelines in 2010 and 2014 further lowered the offense levels for cocaine base. *See* U.S.S.G. App. C, Amends. 748 & 782. After each amendment, Phillips again moved for a sentence reduction. These amendments did change Phillips's guidelines range. In 2012, the court applied a new offense level of 37 and reduced his sentence to 324 months' imprisonment, and in 2015 it applied a new offense level of 35 and reduced his sentence to 262 months' imprisonment.

Following the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), Phillips filed another § 3582(c)(2) motion asking the court to revisit Amendment 706 to reduce his sentence further. Phillips argues that he is entitled to a 2-level reduction in his offense level because he never "explicitly" received the benefit of Amendment 706 and because *Hughes* allows district courts to reduce a sentence any time a defendant receives "a new starting point." He maintains that his successful § 3582(c)(2) motions in 2012 and 2015 created a new starting point. The district court concluded that *Hughes* is inapplicable and denied Phillips's motion. It also denied his motion for reconsideration of that decision.

We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010). The district court did not abuse its discretion in denying Phillips's motion for a sentence reduction. The district court correctly noted that *Hughes* addresses plea agreements under Federal Rule of Criminal Procedure 11(c)(1)(C) in which the defendant and government reach an agreement over a sentence or sentencing provision that binds the court once it accepts the agreement. *See Hughes*, 138 S. Ct. at 1773. Phillips was not sentenced under such an agreement, and his argument therefore fails. Even if *Hughes* were applicable, Phillips received the benefit of a reduction in his offense level from Amendment 706, and he is not entitled to anything else. Thus, the district court did not abuse its discretion in determining that Phillips is not entitled to a further reduction in his sentence.

For the foregoing reasons, we affirm.

_____