# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1438
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher L. Logan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 10, 2020
Filed: July 8, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.
_____

PER CURIAM.

In 2016, Christopher Logan moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Guidelines. The district court[1] denied the motion and Logan's subsequent motion for reconsideration. Logan appeals, contending that the court erred in (1) failing to calculate his amended Guidelines range because the upward variance imposed at his initial sentencing erroneously rendered him ineligible for a sentence reduction and (2) failing to provide an adequate explanation for denying his reconsideration motion. We affirm.

## I. *Background*

In 2009, Logan pleaded guilty to conspiracy to distribute more than five grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and 851. The violations carried a statutory minimum sentence of ten years' imprisonment and a statutory maximum of life imprisonment. Logan's advisory Guidelines range was 151 to 188 months' imprisonment based on a total offense level of 29[2] and a criminal history category of VI. The district court varied upward and imposed a 216-month sentence, 28 months higher than the maximum of the advisory Guidelines range. In justifying its sentence, the court placed significant weight on Logan's individual characteristics, including his lengthy criminal history involving drug use, drug sales, gun possession, and incarceration; lack of respect for the law; and threat to public safety. The court also discussed the seriousness of Logan's offense and the needs to promote respect for the law and to impose a fair sentence.

Amendment 782, approved in 2014, lowered "most base offense levels in the drug quantity tables by two levels." *United States v. Lewis*, 827 F.3d 787, 789 (8th

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

[2]Logan's base offense level was 30. A two-level enhancement for gun possession and a three-level reduction for acceptance of responsibility resulted in a total offense level of 29.

Cir. 2016). In August 2016, Logan moved for a sentence reduction in accordance with the new Guidelines. Amendment 782 reduced the advisory Guidelines range for Logan's conspiracy-to-distribute methamphetamine conviction to 130 to 162 months' imprisonment.

The district court ordered the probation office to conduct an eligibility review pursuant to Logan's motion. The court eventually denied Logan's motion in December 2017. The court based its denial, in part, on the upward variance that Logan received during his initial sentencing. The court stated: "The defendant was sentenced to an upward variance pursuant to 18 U.S.C. § 3553(a)(1) and (2), and the sentence imposed was above the advisory guideline range. Therefore, no reduction is authorized." Order Den. Mot. to Reduce Sent. at 1, *United States v. Logan*, No. 4:08-cr-00347-DGK-2 (W.D. Mo. Dec. 8, 2017), ECF No. 115.

Logan subsequently filed a motion for reconsideration. He stated that the district court's failure to grant a reduction meant his "216-month sentence now represents an upward variance of fifty-four months above the high-end of his applicable guideline range." Mot. for Recons. at 2, *United States v. Logan*, No. 4:08-cr-00347-DGK-2 (W.D. Mo. Dec. 22, 2017), ECF No. 116. He also claimed that "[a] defendant is not rendered ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) merely because the court varied, upward or downward, at the original sentencing." *Id.* Logan concluded by stating, "Because the record contains no basis to presume that the 216-month sentence was imposed without any regard to [his] guideline range, the court ha[d] discretion to reduce his sentence." *Id.* at 4.

The government, in opposition, asked the district court to (1) clarify or modify its order denying Logan's original motion so that the record is clear as to Logan's eligibility for a sentence reduction and (2) deny Logan's request for reconsideration because the 216-month sentence is still substantively reasonable in light of the amended Guidelines range and § 3553(a) factors discussed during the initial

sentencing. In February 2019, the court denied Logan's reconsideration motion. It stated:

> Before the Court is Defendant's Motion to Reconsider Amendment 782 Sentence Reduction Order (Doc. #116). After reviewing the premises of the motion, the record, and the applicable law, and consistent with the Government's response (Doc. #119)[,] [t]he Court finds it properly calculated Logan's amended guidelines range and sentenced him consistent with and according to the requirement of the statute [(]Doc. #115[)]. The Defendant[']s motion suggest[s] this Court failed to consider the sentencing guidelines when imposing this sentence. That assumption is misguided.

Order Den. Mot. for Recons. at 1, *United States v. Logan*, No. 4:08-cr-00347-DGK-2 (W.D. Mo. Feb. 19, 2019), ECF No. 120. This appeal followed.

## II. *Discussion*

Logan's principal contention on appeal is that the district court erred as a matter of law in concluding that he was ineligible for a § 3582(c)(2) sentence reduction based on the upward variance imposed at his initial sentencing. This error, he argues, prevented the court from correctly calculating his amended Guidelines range. In his reply brief, he also claims that the order denying his motion for reconsideration fails to show how the court exercised its discretion in denying his reconsideration request and, thus, prevents meaningful appellate review.[3]

The government concedes that the order denying Logan's original motion implied that the district court did not have discretion to reduce his sentence. The government, however, argues that the court eliminated that ambiguity and made it

---

[3]Although we consider Logan's latter argument waived because it was not raised in his opening brief, we address it briefly. *See United States v. Rice*, 699 F.3d 1043, 1050 (8th Cir. 2012).

clear that it possessed the discretion to consider Logan's request for a reduced sentence when it denied his motion for reconsideration. Given that clarification, the government maintains its previous position that Logan's initial 216-month sentence remains appropriate after application of the factors found in § 3553(a) and, thus, does not warrant a reduction. In the alternative, the government asserts that any error was harmless because the court would have imposed the same sentence regardless of the error.

Whether a defendant is eligible for a sentence reduction under § 3582(c)(2) is a legal question that we review de novo. *United States v. Bogdan*, 835 F.3d 805, 807 (8th Cir. 2016). However, "[w]e review a district court's decision under § 3582(c)(2) to reduce a sentence . . . for an abuse of discretion." *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010). As previously mentioned, Logan moved under § 3582(c)(2) for a reduction in his sentence pursuant to Amendment 782, "which retroactively reduced most base offense levels in the drug quantity tables by two levels." *Lewis*, 827 F.3d at 789. It is undisputed that Amendment 782 reduces Logan's total offense level to 27 while his criminal history category remains a VI, resulting in an amended Guidelines range of 130 to 162 months' imprisonment.

"Under § 3582(c)(2), a district court must begin by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Burrell*, 622 F.3d at 963 (cleaned up); *see also* U.S.S.G. § 1B1.10(b)(1). "The court must then 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Burrell*, 622 F.3d at 963 (alteration in original) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see also* U.S.S.G. § 1B1.10(b) cmt. n.1(B)(i)(I)–(II).

In determining whether and to what extent a reduction in sentence is warranted, the court must also consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," U.S.S.G. § 1B1.10(b) cmt. n. 1(B)(ii), and it may consider "post-sentencing conduct of the defendant," *id.* at cmt. n. 1(B)(iii).

*Burrell*, 622 F.3d at 964.

The first step of the required analysis obligated the district court to calculate Logan's amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(1). As Logan notes, the court, in its order denying his motion for a sentence reduction, did not state a calculation of his amended Guidelines range. Logan attributes the absence of a calculation to the court concluding that it found he was ineligible for a reduction based on the upward variance imposed at his initial sentencing. The court's order denying reconsideration, however, contains no such finding and does not appear to assume Logan's ineligibility for a reduction.

Without admitting any error, the district court's order denying reconsideration stated that it had "review[ed] the premises of the motion, the record, and the applicable law " and that "it [had] properly calculated Logan's amended guidelines range and sentenced him consistent with and according to the requirement of the statute." Order Den. Mot. for Recons. at 1. The court's order also adopted the government's reasoning, which had acknowledged Logan's eligibility. The court demonstrated that it knew Logan was eligible for a sentence reduction and that it possessed the discretion to grant or deny his request for it.

Unfortunately, the district court did not include its calculation of the amended Guidelines range in its order denying reconsideration. But, any error in not stating the calculation in the order is harmless because the parties referenced and agreed to an amended range of 130 to 162 months' imprisonment, which we assume the court

adopted based on its remarks. *See Lewis*, 827 F.3d at 789–90 (affirming the district court's denial of defendant's motion to reduce where the court had failed to determine the amended Guidelines range and had initially imposed an upward variance of 79 months above the high end of the original Guidelines range).

The second part of the analysis required the district court to consider the factors found in § 3553(a), if applicable, and to determine whether any reduction is warranted. *See* U.S.S.G. § 1B1.10(b) cmt. n.1(B)(i)(I). The court also noted, in its order denying reconsideration, that it had agreed with the government's position. We deem this an adequate explanation of the court's rationale and reject Logan's argument that the court failed to adequately explain its denial of his reconsideration. We have consistently held that a district court need not provide a lengthy explanation of the factors listed in § 3553(a) when deciding a defendant's request for a reduction. *See, e.g.*, *United States v. Clark*, 563 F.3d 722, 725 (8th Cir. 2009). In *Burrell*, we expressed that some explanation, such as the district court's statement that it had "adopted the reasoning in the [g]overnment's response to [the defendant's] § 3582 motion," would have aided our appellate review, but there—unlike here— none was given. 622 F.3d at 964; *see id.* at 966 (remanding because we could not determine how the district court exercised its discretion in choosing not to amend the defendant's sentence further).

The government argues that the § 3553(a) factors as explained by the initial sentencing judge do not warrant a reduction. Those factors included, among other things, Logan's extensive criminal history, his weapon enhancement, and his lack of respect for the law. The resentencing judge here agreed and declined to reduce Logan's sentence.

Unlike some cases, the resentencing judge's knowledge of Logan's case did not come from having initially sentenced him. However, the district court stated that it reviewed the record, which included the initial sentencing transcript, and then, it

-7-

considered the appropriate factors. *Cf. United States v. Gray*, 533 F.3d 942, 943 (8th Cir. 2008) ("[W]e presume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors." (internal quotation omitted)). The court's explanation is lean and not ideal, but "we simply find the record as a whole satisfies us that . . . [it] considered the parties' arguments and had a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (internal quotation omitted).

### III. *Conclusion*

Accordingly, we affirm the order of the district court.

STRAS, Circuit Judge, dissenting.

Words matter. And here, the district court's words require remand. Begin with what the court said: "no reduction [was] authorized." *See* 18 U.S.C. § 3582(c)(2) (generally authorizing sentence reductions when the defendant's Guidelines range "has subsequently been lowered"); U.S.S.G. § 1B1.10(a)(2) (discussing exceptions that do not apply here). Then, even after the *government* conceded Logan's eligibility and pointed out that there had been no "specific finding" to that effect, the court's response was to vaguely state that it had "sentenced him consistent with and according to the requirements of the statute."

There was also what the district court did not say. Although the court claimed that it had "properly calculated Logan's amended [G]uidelines range," it never once said what Guidelines range applied. In my view, this omission only provides more reason to doubt that the court ever actually believed that Logan was eligible for a reduction. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (requiring a court to "begin" by calculating the new Guidelines range).

-8-

The district court's cryptic reference to the government's brief does not persuade me otherwise. *Cf. United States v. King*, No. 19-1434, slip op. at 4 (8th Cir. July 6, 2020) (unpublished per curiam) (affirming when neither of the above defects were present); *United States v. Lewis*, 827 F.3d 787, 789–90 (8th Cir. 2016) (holding that any error in failing to calculate an amended Guidelines range was harmless because the court had already recognized the defendant's eligibility under Amendment 782). Faced with a choice between relying on what the court actually said and reading tea leaves, words should win out every time. And in my view, those words require remanding for reconsideration.

_____