# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-2895
_____

United States of America

*Plaintiff - Appellee*

v.

Cleophus Davis, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: September 20, 2021
Filed: December 13, 2021
[Published]
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Cleophus Davis, Jr. filed a motion for modification of his sentence pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i).  The district court[1]

_____

[1]The Honorable Laurie Smith Camp, United States District Court Judge for the District of Nebraska, now deceased.

granted Davis's motion and imposed a reduced term of imprisonment. Davis appeals, arguing the district court should have reduced his sentence to time served.

I.

In 1995, a jury convicted Davis of three counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and three counts of use of a firearm in furtherance of a bank robbery in violation of 18 U.S.C. § 924(c)(1). At the time of Davis's sentencing, the stacking provision in § 924(c)(1) provided for a five-year mandatory minimum sentence for a first offense and a 20-year mandatory minimum for second or subsequent convictions under the same subsection. It also prohibited terms of imprisonment imposed under the subsection from running concurrently with any other term of imprisonment. Accordingly, Davis was sentenced to 130 months for the three counts of bank robbery (Counts I, III, and V), and consecutive sentences for the three firearm counts (Counts II, IV, and VI) of 60 months on Count II, 240 months on Count IV, and 240 months on Count VI. Davis's total sentence was 670 months of imprisonment followed by five years of supervised release.

On May 26, 2020, Davis filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on "extraordinary and compelling reasons," asserting an unreasonable disparity between his sentence imposed in 1995 and a likely sentence for the same offenses under the current version of § 924(c)(1). In 1998, three years after Davis was originally sentenced, Congress amended § 924(c)(1) to impose a five-year mandatory minimum sentence for using or carrying a firearm during or in relation to a crime of violence, a seven-year minimum for brandishing a firearm, and a ten-year minimum for discharging a firearm. See Pub. L. No. 105-386, 112 Stat. 3469, 3469 (1998) (codified as amended at 18 U.S.C. § 924(c)(1)). Then, in 2018, through the First Step Act, Congress again amended § 924(c), explicitly limiting enhanced mandatory minimums under the stacking provision to subsequent violations after a prior conviction under § 924(c) has become final. See Pub. L. No. 115-391, 132 Stat. 5194, 5221–22 (2018) (codified as amended at 18 U.S.C. § 924(c)(1)(C)). In his motion, Davis asked for immediate

release, arguing that if he were convicted on the same charges today, he would be sentenced to 310 months of imprisonment, based on 130 months for the robbery counts and three consecutive 60-month sentences for the firearm counts, which he has already served.

The district court determined that if Davis were convicted and sentenced for his crimes today, he would not be subject to the mandatory sentencing enhancements for the second and third firearms offenses under the current iteration of the § 924(c)(1)(C) stacking provision, though he would be subject to enhanced sentences for discharging and brandishing his firearm.[2] The district court therefore estimated that Davis's sentence was most likely 216 months longer than the sentence he would receive if sentenced under current law,[3] and found that to be an extraordinary and compelling reason for a sentence reduction.[4] The district court

---

[2]The facts in the record, which are not in dispute here, describe Davis's offense conduct during the three bank robberies. During the first robbery, on January 29, 1994, Davis fired a handgun in the direction of the teller counter as he was leaving the bank. Davis committed a second robbery on January 29, 1994, during which he pointed a gun at the bank teller, but did not fire it. The third robbery occurred on March 12, 1994, and Davis fired a shot at the carpet after entering the bank.

[3]Specifically, the district court found, based on the record, that "it is very probable" Davis would today receive the same term of 130 months for the three robbery counts, followed by consecutive sentences of 120 months on Count II (discharging a firearm in furtherance of a crime of violence), 84 months on Count IV (brandishing a firearm in furtherance of a crime of violence), and 120 months on Count VI (discharging a firearm in furtherance of a crime of violence), for a total of 454 months of imprisonment.

[4]Circuit courts are split as to whether the change to § 924(c) can constitute an extraordinary and compelling reason for compassionate release. Compare United States v. Thacker, 4 F.4th 569, 575 (7th Cir. 2021) (holding the change to the statute cannot constitute an extraordinary and compelling reason), with United States v. McCoy, 981 F.3d 271, 286 (4th Cir. 2020) (holding the sentencing disparity resulting from the anti-stacking amendment to § 924(c) may constitute an extraordinary and

also concluded that a reduced sentence would be consistent with the 18 U.S.C. § 3553(a) factors. Accordingly, the district court granted Davis's motion.

However, the district court did not reduce Davis's sentence to time served. Rather, the district court considered the likely sentence Davis would receive for the same offense conduct under the current version of § 924(c)(1) and reduced Davis's total sentence for the three firearms counts to 324 months,[5] which the district court found consistent with the § 3553(a) factors, especially § 3553(a)(2)(A) ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and § 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Combined with the 130-month sentence for the three bank robbery counts, the district court amended Davis's total sentence to 454 months of imprisonment.

Davis timely appealed, challenging the district court's decision to not reduce his sentence to time served.

II.

We review a district court's decision on a motion under 18 U.S.C. § 3582(c)(1)(A)(i) for abuse of discretion. United States v. Rodd, 966 F.3d 740, 746 (8th Cir. 2020). "A district court abuses its discretion when 'it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper

_____

compelling reason). The issue is not before us, and we take no position on which view is correct.

[5]Although the district court referenced the current version of § 924(c)(1) to guide the sentence reduction, the district court observed that it could not increase Davis's sentence on Count II from 60 to 120 months, so instead retained the 60-month sentence on Count II and reduced the sentences on Count IV to 114 months and Count VI to 150 months, for a total amended sentence on the firearms counts of 324 months.

factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Denton, 821 F.3d 1012, 1013 (8th Cir. 2016) (quoting United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008)).

Davis argues that the district court abused its discretion in reducing his sentence by finding that he had brandished and discharged a firearm, facts neither alleged in his indictment nor found by the jury beyond a reasonable doubt. But the district court's decision to modify Davis's sentence to bring it in line with a likely sentence under current law was discretionary, not mandatory, and the district court did not aggravate or increase Davis's punishment, but rather reduced it. See Alleyne v. United States, 570 U.S. 99, 111–13 (2013) (explaining that facts which trigger enhanced mandatory minimums and aggravate punishment are elements of a crime that must be found by a jury beyond a reasonable doubt). Nor does the district court's discretionary reduction of Davis's sentence implicate ex post facto concerns. See United States v. Ivory, 388 F. App'x 567, 568 (8th Cir. 2010) (per curiam) (unpublished) (concluding that because the district court did not increase defendant's sentence by application of later-amended sentencing guidelines, there was no ex post facto violation).

A district court's decision to reduce a defendant's sentence is discretionary, as is the assessment of an appropriate reduction. See 18 U.S.C. § 3582(c)(1) (instructing that the court, "upon motion of the defendant . . . , *may* reduce the term of imprisonment" (emphasis added)). In this case, the district court exercised that discretion by using the current version of § 924(c) as a framework, in combination with the § 3553(a) factors, for determining whether and how far to reduce Davis's original sentence. We discern no abuse of discretion in the district court's analysis.

Because the court considered the applicable § 3553(a) factors and explained that a sentence reduction to 454 months satisfied the purposes of sentencing, see United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010), we affirm the district court's modification of Davis's sentence.

_____