# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-1473

———————————————

United States of America

*Plaintiff - Appellee*

v.

James W. Boyd

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 11, 2016
Filed: April 22, 2016
[Published]

——————————

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

——————————

PER CURIAM.

James William Boyd pleaded guilty to possession of pseudoephedrine, knowing it would be used to manufacture methamphetamine. See 21 U.S.C. § 841(c)(2). He was sentenced in May 2010 to 87 months in prison, the bottom of his advisory guidelines range. After Amendment 782 to the Guidelines retroactively lowered the base offense level for this offense effective November 1, 2015, see

U.S.S.G. § 1B1.10(d), (e), Boyd filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence to 70 months. This is the bottom of the amended range that would have applied had Amendment 782 been in effect when Boyd was sentenced, and the maximum reduction that may be granted under § 3582(c)(2). See Dillon v. United States, 560 U.S. 817, 827 (2010); U.S.S.G. § 1B1.10(b)(2)(A). The district court[1] determined that Boyd was eligible for a discretionary reduction under § 3582(c)(2) but denied his motion, explaining:

> The defendant's involvement in serious acts of misconduct [in prison while serving this sentence] -- one of which resulted in a new criminal conviction -- is indicative of his unwillingness to conform his behavior to the law. Given these circumstances, the court believes that a reduction of the defendant's sentence would present a risk of danger to the community. After considering the relevant factors set forth in 18 U.S.C. § 3553(a) and after reviewing the presentence report, the report of the Probation Office . . . and the parties' memoranda, the court concludes that the defendant's sentence should not be reduced.

Boyd appeals, arguing the district court abused its discretion in denying a sentence reduction because, in his view, the two prison misconduct violations do not show he would be a danger to the community if granted a reduction, and his conduct and participation in prison programming since his second violation in November 2013 "show that he is prepared to conduct a sober and law-abiding life once he is released."

In considering whether to grant a discretionary § 3582(c)(2) sentence reduction to an eligible defendant, a district court (i) shall consider the § 3553(a) sentencing factors, (ii) shall consider the danger to any person or the community that may be posed by a sentence reduction, and (iii) may consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

§ 1B1.10, comment. n.1(B). Here, it is undisputed that in January 2013, while Boyd was incarcerated at the Bureau of Prisons facility in Forrest City, Arkansas, he was found in possession of a cell phone that may be used to aid escapes or criminal activity, a serious offense for which he was convicted of violating 18 U.S.C. § 1791(a)(2) and received a consecutive seven-month sentence. In November 2013, Boyd was found to have violated the Bureau of Prisons prohibition against possession of a weapon when a broken and sharpened plastic clothes hanger was found under Boyd's bed in a shared cell. These prison conduct violations were the primary reasons the district court denied a § 3582(c)(2) reduction. This post-sentencing conduct was clearly relevant to the court's exercise of its § 3582(c)(2) discretion, and unlike the record on appeal in United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010), the court's above-quoted explanation was more than sufficient to allow us to meaningfully review how its substantial sentencing discretion was exercised. We discern no abuse of that discretion.

The Order of the district court dated February 13, 2015, is affirmed.

_____