# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1965
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Shain Adair

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 14, 2016
Filed: July 26, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

PER CURIAM.

Michael Shain Adair appeals from the district court's[1] denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We affirm.

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Adair pleaded guilty in 1993 to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)(IV) and 846, and to three counts of money laundering, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i). The presentence investigation report calculated a total offense level of 36, a criminal history category of III, and an advisory sentencing range of 235 to 293 months' imprisonment. The district court imposed a 293-month sentence.

Adair filed a motion to reduce his sentence to 188 months' imprisonment based on U.S. Sentencing Guidelines Manual (U.S.S.G.) Amendment 782, which retroactively reduced the base offense level applicable to drug offenses by 2 levels. Under Amendment 782, Adair's total offense level would have been 34 and the resulting advisory sentencing range would have been 188 to 235 months' imprisonment.

The district court concluded that Adair was eligible for a discretionary reduction under § 3582(c)(2), but denied his motion "[a]fter considering the relevant factors set forth in 18 U.S.C. § 3553(a) and after reviewing the presentence report, the report of the Probation Office, and the parties' memoranda." The court explained that a reduction was not warranted under the circumstances because Adair had committed several serious conduct violations while in prison, including drug and alcohol possession, fighting, and interfering with security devices. It added that "[o]f greater significance is that in 2010 the defendant was convicted of assaulting another inmate with a deadly weapon (a padlock attached to a belt) and was sentenced . . . to a consecutive 41-month sentence." The district court acknowledged that Adair had earned his GED, that he had completed "hundreds of hours of vocational training," that he had been entrusted as a member of the Suicide Watch Companion Team, and that he had been selected as one of a few hundred inmates assigned to the "Special Work Cadre." The district court concluded, however, that "[t]he defendant's positive conduct . . . does not outweigh his involvement in serious acts of misconduct—one

of which resulted in a new criminal conviction." The district court concluded that a sentence reduction "would minimize the seriousness of the defendant's behavior."

Adair argues that the district court placed undue weight on his post-sentencing conduct violations and did not adequately credit his improved conduct since 2010. We review for abuse of discretion a district court's denial of a motion for a reduced sentence. United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010). Under the relevant policy statement, U.S.S.G. § 1B1.10, "a district court (i) shall consider the § 3553(a) sentencing factors, (ii) shall consider the danger to any person or the community that may be posed by a sentence reduction, and (iii) may consider 'post-sentencing conduct of the defendant.'" United States v. Boyd, 819 F.3d 1054, 1056 (8th Cir. 2016) (per curiam) (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)). The district court's determination that a sentence reduction would minimize the seriousness of Adair's behavior reflects its consideration of the factors set forth in U.S.S.G. § 1B1.10, including "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B). Moreover, Adair's long record of violent conduct while in prison was not an irrelevant or improper factor, notwithstanding any additional sentence or other punishment he has already received for those violations. We conclude that the district court did not commit a clear error of judgment when it decided to give greater weight to Adair's post-sentencing violent conduct than to his post-sentencing accomplishments. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

The judgment is affirmed.

_____