United States Court of Appeals

For the Eighth Circuit

_____

No. 15-2367

_____

United States of America

*Plaintiff - Appellee*

v.

Lamar Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 12, 2016
Filed: July 26, 2016
[Unpublished]

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Lamar Smith appeals from the district court's[1] denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Smith pleaded guilty in 2009 to conspiracy to distribute and possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to possession of one or more firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Under the then-applicable U.S. Sentencing Guidelines Manual (Guidelines or U.S.S.G.), the presentence report calculated an offense level of 29, a criminal history category of IV, and an advisory sentencing range of 121 to 151 months' imprisonment for the conspiracy offense. The district court imposed a 151-month sentence for the conspiracy offense and a consecutive 60-month sentence for the firearm offense.

In December 2014, Smith moved to reduce his sentence based on Amendment 782 to the Guidelines, which reduced the base offense level applicable to drug offenses by 2 points. Under Amendment 782, Smith's offense level would have been 27 and the resulting advisory sentencing range would have been 120 to 125 months' imprisonment for the conspiracy offense.[2] The government conceded that Smith was eligible for a sentence reduction, but opposed Smith's motion, arguing that his conduct while in prison demonstrated that he was a continuing danger to the community.

The district court agreed with the government and denied Smith's motion. The district court "consider[ed] the relevant factors set forth in 18 U.S.C. § 3553(a)[,] . . . the presentence report, the report of the Probation Office, and the parties' memoranda" and concluded that a sentence reduction was not warranted. The court based its decision on Smith's conduct while in prison, noting that he had committed several violations, one of which resulted in a conviction for possession of a dangerous weapon, which added 24 months to Smith's sentence. The court concluded that

---

[2]This range reflects the ten-year statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

although Smith had also completed a drug-education program and other educational courses, "[t]he defendant's positive conduct . . . does not outweigh his involvement in new criminal activity" and that "a sentence reduction would minimize the seriousness of the defendant's behavior."

We review for abuse of discretion a district court's denial of a motion to reduce a defendant's sentence under § 3582(c)(2). See United States v. Burrell, 622 F.3d 961, 964 (8th Cir. 2010). To determine whether a modification is appropriate, the district court must conduct a two-step inquiry: it "must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10," then "it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010); see 18 U.S.C. § 3582(c)(2) ("[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). In addition to considering the § 3553(a) factors, the applicable policy statement, § 1B1.10, directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's" sentence, and that "[t]he court may consider post-sentencing conduct of the defendant" in determining whether and to what extent a reduction is warranted. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii)-(iii).

Smith argues that the district court failed to base its decision on the § 3553(a) factors or the safety of the community or any person. "We have held that a district court need not give 'lengthy explanations' of the § 3553(a) factors or categorically rehearse the relevant factors in a § 3582 proceeding," as long as the district court provides a sufficient explanation to allow for meaningful appellate review. Burrell, 622 F.3d at 964 (quoting United States v. Clark, 563 F.3d 722, 725 (8th Cir. 2009)). We conclude that the district court's explanation was sufficient to demonstrate that its

decision was based on its consideration of the relevant § 3553(a) and community-safety factors.

Smith contends that the district court abused its discretion by denying his motion based solely on his post-sentencing conduct, that the court provided an inadequate explanation for its determination that Smith's conviction for possessing a dangerous weapon justified denying the motion, and that the court failed to adequately address Smith's positive post-sentencing conduct. We do not agree, for the district court was permitted to consider Smith's post-sentencing conduct, and we conclude that it did not abuse its discretion to base its denial on that conduct. See United States v. Boyd, 819 F.3d 1054, 1056 (8th Cir. 2016) (per curiam). The district court's explanation that a sentence reduction "would minimize the seriousness of [Smith's] behavior" "[reflected] the seriousness of the offense, [promoted] respect for the law, . . . [and afforded] adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B). The district court's acknowledgment of Smith's positive post-sentencing conduct was sufficient to demonstrate that it considered that conduct, and it was within the court's discretion to assign greater weight to Smith's post-sentencing conviction than to his positive post-sentencing conduct, cf. United States v. San-Miguel, 634 F.3d 471, 476 (8th Cir. 2011) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009))).

We have considered and conclude that it does not merit discussion Smith's argument that the district court's ruling resulted in an unwarranted sentencing disparity with one of Smith's co-defendants.

The judgment is affirmed.

_____